821 P.2d 247

**Helen MORENO, a single woman, Plaintiff/Appellee,**

v.

**Miguel A. GARCIA and Yolanda A. Garcia, husband and wife, Defendants/Appellants.**

**No. 2 CA–CV 91–0018.**

Court of Appeals of Arizona, Division 2, Department A.

July 2, 1991.

Arizona Supreme Court Order filed July 25, 1990.

John J. Standifer, Jr. and F. Joseph Walsh, Tucson, for plaintiff/appellee.

Richards & Pennington by Steven J. Itkin, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This is an appeal from the superior court's grant of summary judgment in an action to determine title to real property. We affirm.

## FACTS

Appellant Miguel Garcia is a licensed Arizona realtor who was a trusted friend and neighbor of Helen Moreno, appellee. In February 1989, Moreno owned her own home worth approximately $25,000, subject to a $638 mortgage. The home was about to be sold at a property tax foreclosure for $2,856.43 in taxes owing for the years 1983 through 1988. Following an oral agreement between Moreno and Garcia, the terms of which are in dispute, Moreno transferred title to her home to Garcia but remained in possession, and Garcia paid the $638 mortgage, the back taxes and $432 in escrow fees.

About three months later, according to appellee, Garcia demanded that Moreno make certain changes to her home and threatened to cancel her "lease." Moreno sought legal counsel, who tendered Garcia's attorney the sum of $3,926.43, along with Moreno's notice of election to rescind the contract for sale of her home. Garcia responded by filing a forcible entry and detainer action against Moreno. Moreno then filed the instant complaint against Garcia and others, alleging claims for rescission, fraud, racketeering, reformation, misrepresentation, breach of contract and tort.

Included with Moreno's complaint was a petition for a preliminary injunction to enjoin Garcia from removing her from the property. At the hearing on that petition, Judge Richard Hannah denied relief, stating that "the issues regarding ownership of the property and right to possession may be litigated in the [pending] forcible detainer action."

At the forcible entry and detainer hearing, the parties were represented by counsel and presented testimony, exhibits and arguments before Judge Pro Tempore S. Leonard Scheff. The court made findings of fact and conclusions law, declaring the deed which Moreno gave to Garcia to be security for a loan in the nature of an equitable mortgage. It further concluded that even if there had been a sale, Garcia had failed to perform by paying Moreno $24,300, the balance for the purchase price of the house. The court believed that the deed should be set aside, based on the evidence presented, but stated that it lacked jurisdiction to do so. Garcia did not appeal.

Moreno subsequently moved for summary judgment on the rescission count in the instant complaint. Judge Hannah granted the motion and quieted title in Moreno, after which Moreno withdrew the other six counts in the complaint. Garcia appeals, arguing that the transfer of title to him was valid, and that he has been denied the opportunity to fully defend the issue of title on its merits.

## DISCUSSION

■ Summary judgment is appropriate where "the claim or defense ha[s] so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

Appellant's main argument is that a genuine issue of material fact remains in this case which precludes summary judgment. That issue is the validity of his title to real property as recorded in the Pima County Recorder's office. According to appellant, the warranty deed transferring title to him is prima facie evidence of title and he has been denied the opportunity to defend his title on the merits.

■ We find appellant's position incredible. Appellant had clear notice from Judge Hannah that "issues regarding ownership of the property" would be litigated at the forcible entry and detainer hearing. He never appealed Judge Scheff's decision in that action, declaring the deed from Moreno to Garcia to be security for a loan in the nature of an equitable mortgage, and he is collaterally estopped from further litigation of the issue of title. The doctrine of collateral estoppel precludes relitigation of an issue when: (1) the issue was actually litigated in the previous proceeding; (2) there was a fair and full opportunity to litigate the issue; (3) the resolution of such issue was essential to the decision; (4) there was a valid and final decision on the merits; and, (5) there was a common identity of the parties. *J.W. Hancock Enterprises, Inc. v. Arizona State Registrar of Contractors*, 142 Ariz. 400, 410, 690 P.2d 119, 129 (App.

1984). All of these elements are present here. The issue of title was actually litigated in the forcible entry and detainer proceeding, and there was a full and fair opportunity for both parties to be heard. Appropriate evidence, including witnesses for each side, was presented. Both parties were present and represented by counsel. Appellant does not argue that he was prevented from presenting evidence. Resolution of the title issue was essential to the decision whether appellee had the right to possession of the property. The decision on the merits as to possession was valid and final, and the parties were identical.

■ Appellant argues that the conclusions of Judge Scheff cannot be the basis of a summary judgment in another action because Judge Scheff was without jurisdiction to determine title in the forcible entry and detainer action. *J.W. Hancock Enterprises, Inc. v. Arizona State Registrar of Contractors, supra.* He relies on A.R.S. § 12-1177(A), which states:

> On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into.

The forcible entry and detainer statutes were amended by the legislature in 1984. A.R.S. § 12-1173.01 substantially expands the definition of forcible entry and detainer to include several categories of possessor not previously covered. The traditional action was between a landlord and tenant and usually concerned the validity of a lease. The new statute now includes vendor/vendee situations, "if the property has been sold by the owner and the title has been duly transferred." A.R.S. § 12-1173.-01(A)(5). All the cases cited by appellant as proscribing determination of title were decided before the enactment of this new statute. See, e.g., *Taylor v. Stanford*, 100 Ariz. 346, 414 P.2d 727 (1966); *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 167 P.2d 394 (1946). A.R.S. § 12-1173.01(C) states that:

> [t]he remedies provided by this section are in addition to and do not preclude any other remedy granted by law.

We conclude that the legislature intended that the forcible entry and detainer action for possession now include situations in which title is in dispute and that, for purposes of collateral estoppel, the issue of title may be decided even though the court's remedial power extends only to awarding possession of the property. In this case, Judge Scheff's decision was dispositive of the issue of title as to both actions.

Affirmed.

LIVERMORE and LACAGNINA, JJ., concur.