925 P.2d 259

**Brian W. CURTIS and Hallie Dawes Curtis, husband and wife, Plaintiffs–Appellees,**

v.

**Perlie Logue MORRIS, a single man, Defendant–Appellant.**

No. CV–95–0447–PR.

Supreme Court of Arizona, En Banc.

Oct. 24, 1996.

Kenneth E. Chase, Scottsdale, for Brian W. Curtis and Hallie Dawes Curtis.

Ivy L. Kushner, Scottsdale, for Perlie Logue Morris.

OPINION

MARTONE, Justice.

We are asked to resolve a conflict between Division One and Division Two of the Court of Appeals over whether the expansion of the definition of forcible detainer in A.R.S. § 12–1173.01 to include transactions in which property is sold means that the merits of title may now be tried in an action for forcible detainer, notwithstanding the contrary provision of A.R.S. § 12–1177(A). We agree with Division One that § 12–1173.01 has no such effect and that the prohibition against inquiring into the merits of title under § 12–1177(A) in a forcible detainer action is alive and well.

1. This Case and the Conflict

Morris transferred title to real property to Curtis. Morris then brought an action against Curtis claiming that Curtis defrauded him and asking that title be restored to him. Curtis appeared in the action, claimed that the sale was valid, and counterclaimed that Morris, having agreed to rent the property on a month-to-month basis, was now in default on his rental payments. Later, Curtis filed this separate forcible detainer action against Morris seeking possession of the property. Morris moved to dismiss on grounds of abatement because of the prior quiet title action. The trial court denied the motion to dismiss for the reason that the prior ejectment action involved title and the forcible detainer action involved only possession. Morris was found guilty of forcible detainer and appealed.

The court of appeals affirmed. *Curtis v. Morris*, 184 Ariz. 393, 909 P.2d 460 (App. 1995). The court held that there was no abatement because the two cases presented different issues. The quiet title action raised the question of the validity of title but that issue could not be litigated in the forcible detainer action. The court relied on A.R.S. § 12–1177(A) which provides that "[o]n the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into." The court expressly rejected *Moreno v. Garcia*, 169 Ariz. 586, 821

P.2d 247 (App.1991), which held that title could be litigated in a forcible detainer action because of the additional definitions of forcible detainer contained in A.R.S. § 12–1173.01, added by 1984 Ariz. Sess. Laws ch. 121, § 2. We granted review to resolve the conflict. Rule 23(c)(4), Ariz. R. Civ.App. P.

A.R.S. § 12–1173 defines forcible detainer to include landlord-tenant relationships and other possessory situations. Section 12–1173.01 expanded the scope of the remedy to include transactions in which one holds over in possession *after* the property has been sold through foreclosure, trustee's sale, forfeiture, execution, or other transactions where "the property has been sold by the owner and the title has been duly transferred." A.R.S. § 12–1173.01(A)(5).

In *Moreno,* Division Two concluded that the expansion of the scope of the remedy necessarily meant that "the forcible entry and detainer action for possession now include[s] situations in which title is in dispute and … the issue of title may be decided even though the court's remedial power extends only to awarding possession of the property." *Moreno,* 169 Ariz. at 589, 821 P.2d at 250.

Division One in this case rejected *Moreno* and noted that when A.R.S. § 12–1173.01 was added, A.R.S. § 12–1177(A) was left intact. We agree with Division One that the two statutes are not inconsistent. Section 12–1173.01 only defines the relationships and transactions in which the remedy of forcible detainer is available. In contrast, § 12–1177(A) defines the issues that can be litigated in such an action whatever the relationship or transaction. In our view, this difference is dispositive. Any other interpretation would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy.

Nor is our understanding new. Long before A.R.S. § 12–1173.01 was adopted, the court of appeals held that A.R.S. § 12–1173 was broad enough to authorize a forcible detainer action to obtain possession of property after an occupant's interest had been terminated pursuant to a nonjudicial sale because "[o]ne who remains in possession of property after termination of his interest un-der a deed of trust is a tenant at will or sufferance." *Andreola v. Arizona Bank,* 26 Ariz.App. 556, 558, 550 P.2d 110, 112 (1976). That court noted that while the merits of title may not be litigated in a forcible detainer action, "the fact of title may be proved as a matter incidental to showing right of possession by an owner." *Id.* at 557, 550 P.2d at 111.

### 2. Conclusion

From what we have said so far, it follows that we approve of the opinion of the court of appeals in this case and disapprove of the opinion in *Moreno.* The judgment of the trial court is therefore affirmed.

FELDMAN, C.J., and ZLAKET, V.C.J., and MOELLER, J., concur.

ROBERT J. CORCORAN, J., (Retired) did not participate in the determination of this matter.