990 P.2d 666

**Douglas MASON and Mary Mason, husband and wife, Plaintiffs/Appellees,**

v.

**Charles CANSINO and Norma Cansino, husband and wife; John P. Wilde, Co–Trustee, Cancasa Land Trust, Defendants/Appellants.**

No. 2 CA–CV 98–0222.

Court of Appeals of Arizona, Division 2, Department A.

June 29, 1999.

Review Denied Nov. 30, 1999.

Fitzgibbons Law Offices, P.L.C. by Robert M. Yates, Casa Grande, Attorneys for Plaintiffs/Appellees.

Charles Cansino and Norma Cansino, Florence, In Propria Personae.

John P. Wilde, Glendale, In Propria Persona.

## OPINION

ғʟÓREZ, Judge.

¶ 1 In 1998, appellees Douglas and Mary Mason (the Masons) purchased four parcels of property at a public auction held by the Internal Revenue Service (IRS). After the sale, the district director of the IRS issued the Masons a district director's deed to each parcel. The Masons demanded that appellants Charles Cansino, Norma Cansino, and John P. Wilde (collectively, the Cansinos) relinquish possession of the property, but the Cansinos refused. The Masons filed a forcible entry and detainer complaint in superior court. After a bench trial, the court ordered the Cansinos to vacate the property. Although the Cansinos have now vacated the property, they have appealed their ouster, alleging that they were improperly deprived of a jury trial in the forcible detainer action and that the superior court was without jurisdiction to consider a forcible entry and detainer complaint involving a district director's deed. We affirm.

## I. JURY TRIAL

¶ 2 The Cansinos contend that the trial court erred in failing to conduct a jury trial on the Masons' forcible entry and detainer complaint. The Masons respond that the Cansinos waived their right to a jury trial under A.R.S. § 12–1176(B) because they failed to request one, and because only issues of law were presented at the trial, a jury was not necessary.

¶ 3 Section 12–1176(B), relating to forcible entry and detainer, states:

If the plaintiff does not request a jury, the defendant may do so when he appears, and the jury shall be summoned in the manner set forth in subsection A.

¶ 4 The Cansinos do not dispute that they failed to request a jury trial, but they argue that article II, § 23, of the Arizona Constitution, nonetheless, required that the court accord them one. They assert that their failure to ask for the jury did not constitute a waiver and, thus, they are entitled to a reversal of the judgment and to a remand for a jury trial. Although they acknowledge that article VI, § 17, of the Arizona Constitution permits a litigant to waive a jury trial in a civil case, they appear to argue that the waiver must be affirmatively made by both parties. The converse is correct: the right to a jury trial in civil cases is presumptively waived unless at least one litigant demands a jury trial under Rule 38(b) or (c), Ariz. R. Civ. P., 16 A.R.S. "While the right to a trial by jury is a most substantial right, it may be waived by a failure to demand it, Rule 38(d), Rules Civ.Proc., Sec. 21–910, A.C.A.1939." Moran v. Jones, 75 Ariz. 175, 178, 253 P.2d 891, 893 (1953). Because the Cansinos failed to demand a jury as required by § 12–1176(B), they waived their right.

## II. FORCIBLE DETAINER BASED ON IRS DIRECTOR'S DEED

¶ 5 The Cansinos next assert that A.R.S. §§ 12–1173 and 12–1173.01 do not provide for a forcible detainer action based upon a deed from the IRS district director. They note, correctly, that forcible detainer is a statutorily created remedy. Indeed, forcible detainer was created by our legislature to provide "a summary, speedy and adequate remedy for obtaining possession of the premises." Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 204, 167 P.2d 394, 397 (1946). Because the IRS district director's deed under which the Masons claim is not specifically mentioned, the Cansinos argue that the court was without subject matter jurisdiction. When we interpret a statute, we do so de novo. City of Tucson v. Pima County, 190 Ariz. 385, 949 P.2d 38 (App.1997).

¶ 6 Section 12–1173 is the general forcible entry and detainer statute, which has existed since territorial days. In its current form, it states:

There is a forcible detainer if:

1. A tenant at will or by sufferance or a tenant from month to month or a lesser period whose tenancy has been terminated retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord.

2. The tenant of a person who has made a forcible entry refuses for five days after written demand to give possession to the person upon whose possession the forcible entry was made.

3. A person who has made a forcible entry upon the possession of one who acquired such possession by forcible entry refuses for five days after written demand to give possession to the person upon whose possession the first forcible entry was made.

4. A person who has made a forcible entry upon the possession of a tenant for a term refuses to deliver possession to the landlord for five days after written demand, after the term expires. If the term expires while a writ of forcible entry applied for by the tenant is pending, the landlord may, at his own cost and for his own benefit, prosecute it in the name of the tenant.

In 1984, our legislature added § 12–1173.01, which states:

A. In addition to other persons enumerated in this article, a person in any of the following cases who retains possession of any land, tenements or other real property after he received written demand of possession may be removed through an action for forcible detainer filed with the clerk of the superior court in accordance with this article:

1. If the property has been sold through the foreclosure of a mortgage, deed of trust or contract for conveyance of real property pursuant to [A.R.S. §§ 33–721 through 33–730].

2. If the property has been sold through a trustee's sale under a deed of trust pursuant to [§§ 33–801 through 33–821].

3. If the property has been forfeited through a contract for conveyance of real property pursuant to [§§ 33–741 through 33–749].

4. If the property has been sold by virtue of an execution and the title has been duly transferred.

5. If the property has been sold by the owner and the title has been duly transferred.

B. The remedies provided by this section do not affect the rights of persons in possession under a lease or other possessory right which is superior to the interest sold, forfeited or executed upon.

C. The remedies provided by this section are in addition to and do not preclude any other remedy granted by law.

Section 12–1173.01, then, enlarges the types of deeds, conveyances, and process that entitle a party to assert a right to possession in forcible detainer, but it does not specifically mention an IRS district director's deed. We must therefore decide whether that absence is fatal to the trial court's jurisdiction.

¶ 7 According to the language of each deed, the district director issued the deeds pursuant to 26 U.S.C. §§ 6331 through 6335. Those statutes set out the procedure to satisfy a levy made pursuant to 26 U.S.C. § 6331 by sale of property.[1] The presale notice, sale procedure, and provision for issuance of a deed set out in §§ 6330 through 6339 are a federal statutory equivalent to an execution sale under Arizona law. *See* A.R.S. §§ 12–1621 through 12–1626. Unlike § 12–1173.01(A)(1), (2), and (3), each limited to sales or conveyances under specific statutes, subsection (A)(4) does not so limit its application, but rather has general application where the "property has been sold by virtue of an execution and the title has been duly transferred." In this case, the sale under tax levy was in essence a sale "by virtue of an execution"; the district director's deed then transferred title. 26 U.S.C. § 6339(b)(2) (legal effect of deed to real property). We

---

1. The Cansinos attack the validity of the IRS sale of the real property only in the reply brief. "[W]e generally will not address an issue an appellant raises for the first time in the reply brief." *Hunnicutt Const., Inc. v. Stewart Title and Trust of Tucson Trust No. 3496,* 187 Ariz. 301, 307, 928 P.2d 725, 731 (App.1996). Accordingly, we decline to do so here.

**468**

conclude that § 12–1173.01(A)(4) encompasses transfer of title by the issuance of a district director's deed.

 ¶ 8 The Cansinos also assert that because a dispute exists as to title of the property, the superior court was without jurisdiction to entertain the forcible detainer action. Clearly, one cannot try title in a forcible detainer action. *Curtis v. Morris,* 186 Ariz. 534, 925 P.2d 259 (1996). Therefore, the Cansinos and any persons claiming under them may seek to quiet title in a separate action. *See* A.R.S. §§ 12–1101 through 12–1104. Meanwhile, the director's deed "operate[s] as a conveyance of all the right, title, and interest the party delinquent had in and to the real property" here. 26 U.S.C. § 6339(b)(2). The Masons, having title, could use a forcible detainer action to obtain possession. *See Behr v. Burge,* 940 P.2d 1084 (Colo.App.1996) (after receipt of district director's deed, buyers at IRS sale sought possession under forcible detainer statute).

¶ 9 The Masons have requested attorney's fees on appeal under A.R.S. § 12–341.01, asserting an "implied contract of tenancy." Attorney's fees may be recovered in residential landlord-tenant actions. *See* A.R.S. §§ 33–1368(C) and 33–1315. The trial court did award attorney's fees to the Masons. In our discretion, however, we decline to award attorney's fees on appeal to the Masons. *See Wenk v. Horizon Storage Co.,* 131 Ariz. 131, 639 P.2d 321 (1982). They are granted their costs on appeal.

CONCURRING: WILLIAM E. DRUKE, Chief Judge, and JOHN PELANDER, Presiding Judge.