NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
Downey 2006-AR1, *Plaintiff/Appellee,*

*v.*

TOM W. BILYEA and LAURIE S. BILYEA, husband and wife,
*Defendants/Appellants.*

No. 1 CA-CV 13-0288
FILED 4-29-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2013-002007
The Honorable Benjamin E. Vatz, Commissioner

**AFFIRMED**

———————————————

COUNSEL

Tiffany & Bosco PA, Phoenix
By William M. Fischbach, III
*Counsel for Plaintiff/Appellee*

Tom and Laurie Bilyea, Mesa
*Defendants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

¶1　　　　This appeal arises from a forcible entry and detainer ("FED") action initiated by Deutsche Bank National Trust Company ("Deutsche Bank") against Thomas and Laurie Bilyea ("Defendants"). Defendants argue the court erred in granting Deutsche Bank's motion for judgment on the pleadings and entering judgment in favor of Deutsche Bank. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Deutsche Bank purchased Defendants' home at a trustee's sale on January 9, 2013. On February 9, 2013, Deutsche Bank gave Defendants notice of its demand for possession of the property by taping a demand letter to the front door of their residence. When Defendants failed to surrender possession, Deutsche Bank filed an FED complaint to evict them and obtain possession of the property. In their answer to the complaint, Defendants admitted that they had received Deutsche Bank's notice demanding possession of the property; however, Defendants also asserted that the trustee's sale was illegal because Deutsche Bank did not possess valid title to the property.

¶3　　　　Deutsche Bank filed a motion for judgment on the pleadings, arguing that Defendants had not raised any valid defenses and it was entitled to immediate possession. The court granted Deutsche Bank's motion and ordered Defendants to surrender possession of the property. Defendants filed a motion to vacate the judgment challenging the validity of the trustee's sale and arguing that the merits of title were at issue; the court denied this motion. Defendants then filed a motion to reconsider, which the court denied. Defendants timely appealed.

## DISCUSSION

¶4　　　　Defendants argue the trial court erred in granting Deutsche Bank's motion for judgment on the pleadings because there was a triable issue as to whether Deutsche Bank possessed legal title to the property. In

reviewing a trial court's grant of judgment on the pleadings, we view the pleadings' well-pled factual allegations as true and review the trial court's legal rulings de novo. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5, 119 P.3d 463, 465 (App 2005).

**¶5**      "[F]orcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311, 372 P.2d 200, 201 (1962). The merits of a party's title is not an issue properly litigated in an FED action; "[o]n the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into." Arizona Revised Statutes ("A.R.S.") section 12-1177 (A); *Curtis v. Morris*, 184 Ariz. 393, 395, 909 P.2d 460, 462 (App. 1995) (stating that title cannot be an issue in an FED action), *approved*, 186 Ariz. 534, 925 P.2d 259 (1996). Thus, when an FED action directly and inextricably involves a genuine dispute as to the merits of title, the action cannot be maintained. *United Effort Plan Trust v. Holm,* 209 Ariz. 347, 351, ¶ 21, 101 P.3d 641, 645 (App. 2004).

**¶6**      In their answer, Defendants make numerous allegations challenging Deutsche Bank's chain of title, all of which are based on purported irregularities related to the trustee's sale. However, under the deed of trust statutes "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 10, 275 P.3d 598, 600 (2012); A.R.S. § 33-811(C); *see Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 15, 279 P.3d 633, 638 (App. 2012) (holding that a party waives any challenges to a trustee's sale, apart from lack of notice of the sale, by failing to obtain injunctive relief prior to the sale). Once a trustee's sale is completed, "a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections." *BT Capital*, 229 Ariz. at 301, ¶ 11, 275 P.3d at 600; *see Groseth*, 230 Ariz. at 13, ¶ 15, 279 P.3d at 638.

**¶7**      Accordingly, because Defendants failed to obtain injunctive relief prior to the trustee's sale, they cannot now challenge any alleged irregularities related to the sale. A.R.S. § 33-811(C).

**¶8**      We conclude the trial court properly granted Deutsche Bank's motion for judgment on the pleadings. A trustee's deed "raise[s] the presumption of compliance with the requirements of the deed of trust and [the trust statutes] relating to the exercise of the power of sale and the

. . . conduct of the sale," and is "conclusive evidence of the meeting of those requirements." A.R.S. § 33-811(B). Here, the trustee's deed upon sale, which was attached to the complaint, was conclusive evidence of a valid trustee's sale conveying title to Deutsche Bank. A.R.S. §§ 33-811 (B), (E). In addition, Defendants admitted in their answer that they had received proper written notice demanding possession of the Property.

**¶9** Deutsche Bank has requested an award of costs and attorneys' fees. We deny Deutsche Bank's request because it fails to cite a statute providing a substantive basis for a fee award. Both rules cited by Deutsche Bank in support of its request, Arizona Rule of Civil Appellate Procedure 21 and Rule of Procedure for Eviction Actions 13(f), set forth the procedure for requesting fees; neither rule provides a substantive basis for an award. *Bed Mart, Inc. v. Kelley*, 202 Ariz. 370, 375, ¶ 24, 45 P.3d 1219, 1224 (App. 2002).

## CONCLUSION

**¶10** For the reasons above, we affirm the trial court's grant of judgment on the pleadings.



Ruth A. Willingham · Clerk of the Court
FILED: MJT