NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THE BANK OF NEW YORK MELLON, *Plaintiff/Appellee*,

*v.*

RODNEY BACKHOLM, *Defendant/Appellant*.

No. 1 CA-CV 17-0715
FILED 8-14-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-010742
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

McCarthy & Holthus, LLP, Scottsdale
By Ross Matthew Mumme, Melissa Robbins Coutts
*Counsel for Plaintiff/Appellee*

Rodney Backholm, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Judge:

**¶1** Rodney Backholm appeals the judgment entered in favor of The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-8 ("New York Mellon") in a forcible entry and detainer ("FED") action against him and his wife, Deborah Backholm. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** On July 19, 2017, New York Mellon purchased the Backholms' property at a trustee's sale. The Backholms were given notice to vacate, but did not do so.

**¶3** On August 22, 2017, New York Mellon filed a complaint for FED. The Backholms answered, asserting numerous defenses, including defenses based on title and lack of standing to foreclose. New York Mellon moved for judgment on the pleadings, and the Backholms responded to the motion.

**¶4** At the November 2, 2017 scheduled bench trial, the superior court found the Backholms guilty of forcible detainer, granted New York Mellon's motion for judgment on the pleadings, and awarded New York Mellon possession of the property.[1] We have jurisdiction over Backholm's timely appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1) (2016).

## ANALYSIS

**¶5** As a preliminary matter, we note that Backholm's appellate brief does not cite the record as required. *See* ARCAP 13(a)(5), (7); *see also Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (noting that such failure "can constitute abandonment and waiver of [a] claim" (citation omitted)). Nevertheless, we address his appeal on the merits.

---

[1] New York Mellon's answering brief states that "Mr. Backholm testified in his defense at the hearing." An appellant is required to "mak[e] certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(c). Backholm has not provided a transcript of the November 2, 2017 hearing; accordingly, we assume the transcript supports the judgment. *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998).

¶6 A plaintiff is entitled to judgment on the pleadings if the complaint sets forth a claim for relief and the answer does not contain a legally cognizable defense or effectively deny material allegations. *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376 (1958). Because a moving party must be entitled to a judgment on the pleadings as a matter of law, we review *de novo* the superior court's judgment and the applicable statutes. *See Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999); *Libra Group, Inc. v. State*, 167 Ariz. 176, 179 (App. 1991).

¶7 Backholm argues that New York Mellon lacked the capacity to initiate the FED action, ostensibly because it is a foreign company. Under Arizona law, "[a] foreign corporation transacting business in this state without a grant of authority shall not be permitted to maintain a proceeding in any court in this state until it is authorized to transact business." A.R.S. § 10-1502(A) (2013). By statute, however, the following activities "do not constitute transacting business within the meaning of" this prohibition: "[c]reating or acquiring indebtedness, mortgages and other security interests in real . . . property," "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the same," or "[o]wning, without more, real or personal property." A.R.S. § 10-1501(B)(7)-(9) (2013). Because Backholm fails to show that New York Mellon took any actions in Arizona that do not fall within these exceptions, he has failed to show that New York Mellon could not file this case.

¶8 Backholm also suggests that New York Mellon lacked standing to file this action. As applicable here, a FED complaint must "[b]e brought in the legal name of the party claiming entitlement to possession of the property." Ariz. R.P. Evict. Act. 5(b)(1). The complaint named as the sole plaintiff, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-8, and a trustee's deed upon sale attached to the complaint stated the same entity had purchased the property for valuable consideration at a trustee's sale in July 2017. The trustee's deed provides presumptive, prima facie proof of ownership by New York Mellon. *See Merrifield v. Merrifield*, 95 Ariz. 152, 154 (1963). Moreover, even assuming *arguendo* he could have properly done so, Backholm points to nothing in the record on appeal to rebut this presumption. Accordingly, Backholm has not shown that New York Mellon lacked standing to file this case.

¶9 Backholm also argues there are defects in the trustee's deed such that the sale of the property should be set aside and this court should conclude that New York Mellon lacked the authority to conduct a non-judicial foreclosure sale of the property. "On the trial of an action of forcible

entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A) (2016). Backholm's argument goes to "the merits of title" and is therefore not properly at issue in this case. *See Mason v. Cansino*, 195 Ariz. 465, 468, ¶ 8 (App. 1999) ("Clearly, one cannot try title in a forcible detainer action." (citing *Curtis v. Morris*, 186 Ariz. 534 (1996))); *United Effort Plan Trust v. Holm*, 209 Ariz. 347, 351, ¶ 21 (App. 2004) ("The only issue to be decided in [a forcible detainer] action is the right of actual possession. Thus[,] the only appropriate judgment is the dismissal of the complaint or the grant of possession to the plaintiff." (citing *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 205 (1946))). Because merits of title are not to be inquired into in FED actions, Backholm's argument fails.

¶10 New York Mellon requests costs and attorneys' fees on appeal. Pursuant to A.R.S. § 12-1178(A) (2016), we award New York Mellon an amount of reasonable attorneys' fees and taxable costs on appeal, to be determined upon compliance with ARCAP 21.

## CONCLUSION

¶11 The superior court's judgment finding the Backholms guilty of forcible detainer is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

4