NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JP MORGAN CHASE BANK, *Plaintiff/Appellee*,

*v.*

JOHLEN and MELISSA JOHNSON, *Defendants/Appellants*.

No. 1 CA-CV 19-0369

FILED 4-23-2020

---

Appeal from the Superior Court in Mohave County
No. L8015CV201907011
The Honorable Eric Gordon, Judge

**AFFIRMED**

---

COUNSEL

Greenburg Traurig, LLP, Phoenix
By Nicole M. Goodwin, Matthew P. Hoxsie
*Counsel for Plaintiff/Appellee*

Melissa Johnson, Bullhead City
*Defendant/Appellant'*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

---

C A T T A N I, Judge:

¶1        Melissa Johnson appeals from the superior court's judgment finding her and her husband guilty of forcible detainer and awarding JPMorgan Chase Bank, National Association ("Chase") immediate and exclusive possession of a residence in Bullhead, Arizona.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In January 2019, Chase purchased the Johnsons' residence at a trustee's sale and promptly recorded the trustee's deed.  Early the next month, Chase mailed the Johnsons a notice to vacate and posted the notice to their front door.  The Johnsons did not leave, and Chase filed this forcible detainer action.

¶3        The Johnsons answered the complaint and, as relevant here, offered as an affirmative defense that Chase "[was] not the beneficiary, or the Grantee and the Trustees Deed is void and the sale must be set aside."  Chase then moved for judgment on the pleadings, which the Johnsons opposed on the basis that the trustee's sale was void.

¶4        Relying on Chase's superior right to possession under the trustee's deed, the superior court found Johnson and her husband guilty of forcible detainer and entered judgment in favor of Chase for immediate possession of the property.  Johnson appealed.

### DISCUSSION

¶5        Johnson agrees that Chase purchased the property for over $60,000 at a trustee's sale in January 2019.  Her sole argument attacks the validity of the trustee's sale:  "[Chase] and the trustee are one in the same and additionally they are both beneficiary, and substituted trustee, therefore the Trustees Deed is void and the sale must be set aside because this trustee lacked authority to conduct the sale."

¶6         But this argument addresses the merits of title and thus is beyond the scope of a forcible detainer action. *See* A.R.S. § 12-1177(A) ("On the trial of an action of . . . forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."); *see also Curtis v. Morris*, 186 Ariz. 534, 534 (1996). Moreover, any challenge to the trustee's sale must be pursued before the sale has been completed; the trustor may not challenge the completed sale based on pre-sale objections. *See* A.R.S. § 33-811(C); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 11 (2012). The trustee's deed raised a presumption that the sale comported with statutory requirements, *see* A.R.S. § 33-811(B), and Johnson has offered no basis to overcome either this presumption or waiver under § 33-811(C). Accordingly, we affirm the forcible detainer judgment.

## CONCLUSION

¶7         Chase requests an award of attorney's fees and costs on appeal as a sanction under A.R.S. § 12-349 and ARCAP 25. In an exercise of our discretion, we decline Chase's request for attorney's fees. As the successful party, however, Chase is entitled to an award of costs on appeal upon compliance with ARCAP 21. The forcible detainer judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:      AA