NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILMINGTON TRUST NATIONAL ASSOCIATION, *Plaintiff/Appellee*,

*v.*

CHRISTOPHER STOLLER, et al., *Defendants/Appellants*.

No. 1 CA-CV 19-0717
FILED 4-8-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-013457
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

ZBS Law, LLP, Phoenix
By Kim R. Quam
*Counsel for Plaintiff/Appellee*

Christopher Stoller, Michael Stoller, Chicago, Illinois
*Defendants/Appellants*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**W I N T H R O P**, Judge:

¶1 Christopher Stoller ("Christopher") and Michael Stoller ("Michael") (collectively, "the Stollers") appeal the judgment and orders entered in favor of Wilmington Trust National Association ("Wilmington Trust"), as trustee of ARLP Securitization Trust, Series 2014-2, in a forcible entry and detainer ("FED") action against Phillip B. Stone and occupants and parties-in-possession the Stollers. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Wilmington Trust was the holder of a promissory note executed by Stone in the original amount of $600,000. The promissory note was secured by a deed of trust dated May 2, 2006, and recorded as a lien against the subject residential real property located in Scottsdale.

¶3 After the promissory note fell into default, Wilmington Trust appointed Western Progressive-Arizona, Inc. ("Western") as successor trustee of the deed of trust and instructed Western to initiate a trustee's sale of the property. Western recorded a notice of trustee's sale, and in December 2015, Wilmington Trust purchased the property for $432,000 at the trustee's sale and obtained title to the property by a recorded Trustee's Deed Upon Sale. In October 2018, Wilmington Trust gave Stone and any other occupants of the property notice to vacate and surrender possession, but they did not do so.

¶4 In October 2018, Wilmington Trust filed an FED action in the superior court. The summons and complaint were personally served upon a resident of the property, who refused to provide his name.

¶5 The initial FED hearing was set for November 15, 2018. Before that hearing, the Stollers, asserting Christopher was the assignee of Stone's rights and a party in possession of the property, filed a notice of removal to the federal district court in Illinois. Christopher then appeared at the November 15 hearing, which was stayed, and the matter was continued on the inactive calendar pending the proceedings in the district court.

¶6 In August 2019, the district court remanded the FED action to the superior court after concluding it did "not have jurisdiction over this state court eviction action from Arizona." Upon motion by Wilmington Trust, the superior court set the FED hearing for August 29, 2019.

**¶7**        The same day the district court remanded the Arizona FED action, the Stollers filed a notice of appeal in the district court, and Christopher filed a motion for reconsideration, temporary restraining order, preliminary injunction, and stay pending appeal.  The district court denied Christopher's motion, including his request for a stay.

**¶8**        On August 22, 2019, the Stollers filed in the superior court a "Motion to Stay Pending Appeal" based on their appeal to the Seventh Circuit Court of Appeals of the district court's order of remand. Wilmington Trust filed a response arguing for denial of the stay request and noting that on August 27, 2019, the Seventh Circuit Court of Appeals had issued an order advising the Stollers "that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is <u>not</u> reviewable on appeal," but allowing them until September 27, 2019, to file a brief stating why the appeal should not be dismissed for lack of jurisdiction.[1]

**¶9**        Despite receiving notice, the Stollers failed to appear at the scheduled August 29 FED hearing, and they again failed to appear at a continued September 5, 2019 hearing.  At the September 5 hearing, the superior court denied the Stollers' stay request and entered a judgment finding Stone and the Stollers guilty of forcible detainer and awarding Wilmington Trust possession of the property.

**¶10**        The Stollers then filed a "Motion to Vacate Ex Parte Orders," which the superior court denied.  The court noted the Stollers failed to appear for the initial FED hearing and "[o]ut of an abundance of caution," the court continued the hearing to September 5 and ordered the August 29 minute entry sent to the address identified on the Stollers' "last court-

---

[1]        In December 2019, the Seventh Circuit Court of Appeals issued an order that directed "the clerks of all federal courts in this circuit . . . to return unfiled any papers submitted either directly or indirectly" by Christopher Stoller or on his behalf until he paid in full an outstanding sanction for the filing of numerous frivolous appeals. *See Stoller v. Walworth Cnty.*, No. 17-CV-1349-JPS, 2020 WL 3618453, slip order at *1 n.1 (E.D. Wis. July 2, 2020) (citing multiple cases); *Stoller v. Costco Wholesale Corp.*, No. 19-cv-140, 2020 WL 247459, slip mem. op. & order at *1 & n.1 (N.D. Ill. Jan. 16, 2020) (noting also that a district court judge had recently entered a memorandum opinion and order recommending the Executive Committee for the Northern District of Illinois consider adding Christopher Stoller to its list of restricted filers (citing *Stoller v. Wilmington Trust, Nat'l Ass'n*, No. 18-cv-7169, 2019 WL 6117583, slip mem. op. & order, at *4 (N.D. Ill. Nov. 18, 2019))).

filing." The court further noted that although the Stollers claimed they did not timely receive the court's August 29 minute entry, they "cited no other facts or legal authority that would permit the Court to set aside the Judgment entered on September 5th."

¶11 The Stollers subsequently filed a motion for relief from the judgment pursuant to Arizona Rule of Civil Procedure 60(b) and requested a stay of execution pending appeal. The superior court denied the motion after concluding the Stollers "failed to demonstrate that they are entitled to relief from the Judgment pursuant to Rule 15(a) of the Arizona Rules of Procedure for Eviction Actions." The court also set a hearing to determine the fair market rental value of the property to be paid monthly as a bond pending appeal and stayed the execution of the judgment pending that determination.

¶12 On October 2, 2019, the Stollers filed two notices of appeal. The first notice appealed the September 5 judgment, and the second notice appealed the court's September 27 order denying the Stollers' motion for relief from the judgment.

¶13 Throughout October and November 2019, the Stollers filed numerous motions and other pleadings in the superior court, including but not limited to motions to set aside the judgment, for reconsideration and clarification, and a request that the court make a criminal referral of opposing counsel to the FBI and Justice Department.[2]

¶14 In late October 2019, the superior court held a hearing on the monthly fair market rental value to be paid as a bond pending the appeal, and after taking the matter under advisement, granted a stay, conditioned upon the Stollers paying $8500 as prorated rent for September through November 2019 and thereafter paying $3000 per month, commencing on December 1, 2019. The Stollers failed to make the required bond payments, however, and Wilmington Trust moved to vacate the stay due to non-payment of the bond and applied for a writ of restitution pursuant to Rule 14(b)(2) of the Arizona Rules of Procedure for Eviction Actions. The superior court continued the stay to allow the Stollers additional time to post a bond but also warned that if they failed to timely post the bond, the stay would be automatically vacated, and a writ of restitution "may issue"

---

[2] Some of the motions and other pleadings were signed only by Christopher, some were signed by Christopher and Michael, and some were signed by Christopher and Leo Stoller, as Michael's putative "guardian."

without any further hearings.  The Stollers again failed to pay the bond, and the superior court granted a renewed application for a writ of restitution in December 2019.

¶15        After obtaining possession of the property, Wilmington Trust attempted to list it for sale, but the Stollers had already listed it for sale and Leo Stoller—purportedly on behalf of Christopher and Michael—recorded a lis pendens against the property, ostensibly to thwart Wilmington Trust's sale of the property.  Wilmington Trust moved to expunge the lis pendens and an additional lis pendens recorded by the Stollers in 2017.  This court revested the superior court with authority to rule on the motion to expunge, and the Stollers moved to disqualify Wilmington Trust's counsel, to vacate the eviction judgment, and for a temporary restraining order and/or a preliminary injunction.   In May 2020, the superior court granted Wilmington Trust's motion to expunge the two lis pendens but declined to act on the Stollers' motions based on a lack of jurisdiction.

¶16        In June 2020, this court revested the superior court with jurisdiction to rule on the Stollers' various motions.  The Stollers then filed a motion for judgment nunc pro tunc and "re-noticed" the prior Rule 60 motion to set aside the judgment.

¶17        In July 2020, the superior court issued a seven-page minute entry that gave a detailed history of the eviction action and denied all pending motions filed by the Stollers, providing in part as follows:

> The Stollers had notice of the litigation, appeared in the litigation, followed the litigation, participated in the litigation, but failed to update their address with the Clerk of the Court without any explanation, and failed to state any coherent argument as to why they were entitled to possession of the subject property under Arizona law, or even that they were in possession of the subject property.  At best, the argument presented was a dispute as to title[,] which is not the appropriate subject of an eviction action, *Curtis v. Morris*,186 Ariz. 534, 535 . . . (1996) (holding that "the merits of title may not be litigated in a forcible detainer action"), and did not overcome the presumption that a trustee's deed is valid, A.R.S. § 33-811(B) ("The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the

conduct of the sale."). Further, the record reflected the Stollers' efforts to needlessly delay and expand these proceedings well beyond the bounds of an eviction matter. . . .

. . . Despite having requested the stay, and the Court's determination of the fair market rental value, the Stollers did not deposit the bond with, or pay the monthly fair market rental value to, the Clerk of the Court. Instead, the Stollers improperly caused a Lis Pendens to be filed with the Maricopa County Recorder's Office.

Over the course of this litigation, the Stollers have filed hundreds of pages of documents that have no bearing whatsoever on whether [Wilmington Trust] is entitled to possession of the subject property. Despite all of their filings, the Stollers have not recognized that this matter is governed by A.R.S. §§ 12-1171 to 12-1183, the Arizona Rules of Procedure for Eviction Actions, that the only issue to be resolved is the right of possession, that title is not at issue, or that the Trustee's Deed carries a presumption of validity in Arizona. Nor have the Stollers presented the Court with any legal argument or evidence that overcomes the presumption of validity of the Trustee's Deed giving rise to [Wilmington Trust's] right of possession. The Stollers failed to take advantage of this Court's stay order by paying the required bond and monthly fair market rental value, and instead improperly filed a Lis Pendens to impair the marketability of the subject property. Court filings further suggest the Stollers may have even attempted to market and sell the property themselves despite the trustee's sale and this litigation.

. . . .

The Stollers have not presented evidence that any of the allegations contained in the Complaint were untrue. To the contrary, review of the documents filed by the Stollers[] reveal[s] their arguments lack merit and evidentiary support. The Court views the Stollers' disqualification argument as an attempt to needlessly expand and/or delay this litigation. . . .

. . . [The Stollers] failed to state any coherent argument as to why they are entitled to possession of the subject

property under Arizona law, or even that they were in possession of the subject property.[3]

**¶18** The Stollers then filed a "Motion to Vacate All Orders Issued by the Court and Motion for Judgment Nunc Pro Tunc." The superior court denied the motion, noting "the Stollers are attempting to raise the issue of title in this eviction matter. As explained in the Court's July 10, 2020 minute entry, title is not an appropriate issue to be litigated and decided in an eviction case."

**¶19** The Stollers filed a series of notices of appeal and amended notices of appeal, which this court either consolidated into the current appeal or otherwise addressed. We have jurisdiction over the Stollers' appeal pursuant to Rule 17 of the Arizona Rules of Procedure for Eviction Actions and Arizona Revised Statutes ("A.R.S.") sections 12-1182(A) and 12-2101(A)(1).

## ANALYSIS

**¶20** The Stollers raise a plethora of issues in their opening brief generally challenging the superior court's judgment and orders.[4] The

---

[3] The court also noted in a footnote that the Stollers had previously filed as an exhibit

> a Warranty Deed dated September 9, 2017 (almost 2 years after the Trustee's Deed) purporting to convey the subject property from "Night Milk Company, P.O. Box 4195, Oak Park Illinois" to "Michael Stoller, P.O. Box 6-645, Chicago, Illinois." Further, [another exhibit filed by the Stollers] includes a Quit Claim Deed from Phillip B. Stone to "Christopher Stoller Pension and Profit Sharing Plan Ltd., a Bahamas Corporation" dated September 19, 2008. There are no other documents in the record that would complete the chain of title between Mr. Stone and Mr. Stoller even if title were material to the Court's decision regarding the right of possession.

[4] Wilmington Trust argues that because the Stollers concede Wilmington Trust sold the property to a third party in June 2020, we should exercise our discretion and dismiss the Stollers' appeal as moot. Although certain issues may be rendered moot by the sale of the property, other issues

superior court's well-reasoned July 2020 minute entry correctly and thoroughly addressed many of the issues the Stollers raise on appeal, including their challenge regarding notice of the FED hearing, their baseless attempts to disqualify counsel for Wilmington Trust, their improper challenges to the merits of title rather than possession, *see Mason v. Cansino*, 195 Ariz. 465, 468, ¶ 8 (App. 1999), their motions to set aside or vacate the judgment and for a preliminary injunction to stay execution pending appeal, their failure to pay the required bond and monthly fair market rental value of the property pending appeal, and their inapt challenge to expungement of the lis pendens, which were improperly filed to impair the marketability of the subject property.  Under these circumstances, we need not repeat that court's entire comprehensive analysis; instead, we adopt it. *See State v. Whipple*, 177 Ariz. 272, 274 (App. 1993) (holding that, when the superior court clearly identifies and correctly rules upon issues raised "in a fashion that will allow any court in the future to understand the resolution[, n]o useful purpose would be served by this court rehashing the [superior] court's correct ruling in [the] written decision").

**¶21**　　　　In addition to the issues addressed in the superior court's July 2020 minute entry, the Stollers also argue that ARLP Securitization Trust, Series 2014-2, the trust for which Wilmington Trust has acted as trustee, is a non-jural defunct entity with no standing to maintain a civil action. However, A.R.S. § 12-1173.01(A)(2) authorizes the purchaser of property at a trustee's sale under a deed of trust to bring an FED action to remove persons who retain possession of real property after receiving "written demand of possession."  Wilmington Trust was the purchaser of the property, as evidenced by the Trustee's Deed Upon Sale, and Wilmington Trust filed the FED complaint in its name as trustee.[5]  Further, "a trustee of an express trust" may sue in the trustee's name, Ariz. R. Civ. P. 17(a)(1)(E),

---

may still have a practical effect on the parties.  *See, e.g.*, *Bank of New York Mellon v. De Meo*, 227 Ariz. 192, 193-94, ¶ 8 (App. 2011).  Accordingly, we exercise our discretion to briefly address the Stollers' appeal.

[5]　　An FED complaint must "[b]e brought in the legal name of the party claiming entitlement to possession of the property."  Ariz. R.P. Evict. Act. 5(b)(1).  The complaint named as the sole plaintiff, Wilmington Trust, as Trustee of ARLP Securitization Trust, Series 2014-2, and the Trustee's Deed Upon Sale attached to the complaint stated the same entity had purchased the property for valuable consideration at a trustee's sale in December 2015. The Trustee's Deed Upon Sale provided presumptive, prima facie proof of ownership by Wilmington Trust.  *See Merrifield v. Merrifield*, 95 Ariz. 152, 154 (1963).

and may be treated as the real party in interest, *see, e.g., Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1230-31 (9th Cir. 2019); *LaSalle Bank Nat'l Ass'n v. Lehman Bros. Holdings, Inc.*, 237 F. Supp. 2d 618, 633 (D. Md. 2002) (recognizing "the basic premise that the trustee of an express trust is the real party in interest when suing on behalf of the trust"). Here, because Wilmington Trust filed the FED action as trustee of an express trust, it was the real party in interest and had standing to file the action.

¶22　　As to the Stollers' "Motion for Judicial Notice and Summary Affirmance," and other motions or issues raised by the Stollers on appeal that we have not discerned from their voluminous briefing, we deny relief. As the successful party on appeal, we award Wilmington Trust its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. Additionally, after reviewing the record, including the multitude of voluminous, frivolous motions and other pleadings filed not only in the superior court during this years-long odyssey challenging a summary proceeding, but also in this court in an effort to unnecessarily expand and delay resolution of this appeal, we award attorneys' fees to Wilmington Trust, in an amount to be determined upon compliance with Rule 21, ARCAP. *See* A.R.S. § 12-349(A)(1)-(3); ARCAP 25. Responsibility for the award of costs and attorneys' fees to Wilmington Trust shall be equal and joint and several between Christopher Stoller and Michael Stoller, who have acted in concert throughout the proceedings. *See Mangan v. Mangan*, 227 Ariz. 346, 354, ¶ 32 (App. 2011).

## CONCLUSION

¶23　　The superior court's judgment and orders finding the Stollers guilty of forcible detainer are affirmed.

