NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VICTOR ZAYAS, *Defendant/Appellee*,

*v.*

JESUS ANTONIO ZAYAS, *Plaintiff/Appellant*.

No. 1 CA-CV 24-0241

FILED 11-21-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-095392
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Jaburg & Wilk, P.C., Phoenix
By Thomas S. Moring & Corrinne R. Viola
*Counsel for Plaintiff/Appellant*

Elley Law PLC, Gilbert
By Richard D. Elley & Joseph R. Campani
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1          In this forcible entry and detainer ("FED") action, Jesus Zayas appeals from the superior court's order in favor of Victor Zayas, Jr. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2014, Jesus transferred property ("Property") to himself and Griselda Zayas through a warranty deed. In 2019, Jesus and Griselda executed a Notice of Correction and Quitclaim Deed granting the Property to Griselda. In September 2023, Griselda transferred the Property to Victor Jr. and Steven Fox through a Warranty Deed. As consideration for this transfer, Victor Jr. paid off the remaining balance on the Property's mortgage, which was still in Jesus's name. Victor Jr. later served Jesus with a demand to vacate the property, and after Jesus failed to do so, he brought an FED action, demanding possession of the property.

¶3          At an evidentiary hearing in January 2024, Jesus, who cannot speak English, testified that Griselda misrepresented the nature of the above-described documents and pressured him to sign both deeds without an attorney or translator present. Griselda testified that she asked Jesus to purchase the Property for her because she had poor credit and supplied the down payment and costs while he merely paid rent in the form of the monthly mortgage payment. The superior court issued an order in favor of Victor Jr. for restitution of the premises.

¶4          Jesus appealed the order. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), -101(A)(1).

## DISCUSSION

¶5          Jesus raises two arguments on appeal: (1) the superior court cannot resolve FED actions when the title is contested, and (2) the court's ruling had no statutory basis because the parties did not have a landlord-tenant relationship.

## A. Courts May Resolve FED Actions While Title is Contested.

¶6 Jesus claims that the superior court erred by entering a judgment for Victor Jr. when the title and ownership of the Property were contested. FED actions are governed by statute, *AU Enters. Inc. v. Edwards*, 248 Ariz. 109, 110, ¶ 5 (App. 2020), and we interpret statutes *de novo*, *Mason v. Cansino*, 195 Ariz. 465, 466, ¶ 5 (App. 1999).

¶7 The purpose of an FED "action is to afford a summary, speedy and adequate remedy for obtaining possession of the premises." *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204 (1946). It has long been established that parties may only raise entitlement to actual possession in an FED action and may not inquire into the merits of the title. A.R.S. § 12-1177(A); *Olds Bros. Lumber Co.*, 64 Ariz. at 204-05. "Because an FED action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings designed to allow full exploration of the issues involved." *Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995). Unlike general civil litigation, an FED action does not include disclosure or discovery, so it is not the proper proceeding for litigating other issues. *See id.*

¶8 If no factual or legal issues exist, the judge may dispose of eviction actions following the eviction rules, as appropriate. Ariz. R.P. Eviction Actions 11(e). The superior court found that Victor Jr. had the superior right to possession because Jesus transferred the record title to Griselda, who later transferred it to Victor Jr. Because Victor Jr.'s ownership interest was recorded and was not patently false, the inquiry into his title was outside the superior court's purview in an FED action. A.R.S. § 12-1177(A); *see Curtis v. Morris*, 186 Ariz. 534, 535 (1996) (Title should not be litigated in an FED as doing so "would convert [the FED action] into a quiet title action and defeat its purpose as a summary remedy."). Finding no issue of material fact that would warrant a trial, the court found for Victor Jr.

¶9 Jesus contends that the superior court erred because Victor Jr. failed to prove he had a legitimate claim to possess the Property. But the only issues Jesus raises about Victor Jr.'s right of possession relate to the title. For example, Jesus claims that Victor Jr.'s right to possess the property is illegitimate because his testimony about obtaining the record title is "implausible" and "full of contradictions." As *Curtis* makes clear, quiet title actions are the correct place to question the validity of a title, and those questions cannot be litigated in an FED action. *See Curtis*, 186 Ariz. at 534. And because Jesus asserts no other right to possession, we affirm the

superior court's ruling that Victor Jr. has the superior right to possess the property.

## B. FED Actions Apply Even Without a Landlord-Tenant Relationship.

¶10        Jesus argues that Victor Jr. failed to establish that he was entitled to possession under any of the Arizona FED statutes because no formal landlord-tenant relationship existed. That is not the case.

¶11        A.R.S. § 12-1173(1) applies to tenants at sufferance or a person who "wrongfully continues in possession of the property after its interest is terminated" after a trust sale. *See Grady v. Barth*, 233 Ariz. 318, 321, ¶ 12 (App. 2013). The legislature expanded the scope of the remedy in A.R.S. § 12-1173.01 to include transactions where "the property has been sold by the owner and the title has been duly transferred." *Curtis*, 186 Ariz. at 535 (quoting A.R.S. § 12-1173.01(A)(5)). Despite this expansion, FED actions may not try the merits of title, even though "the fact of title may be proved as a matter incidental to showing right of possession by an owner." *Id.* at 535 (quoting *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 557 (1976)).

¶12        Here, all the necessary components were present for the superior court to find Jesus guilty of FED under A.R.S. § 12-1173.01(A)(5). *See* A.R.S. § 12-1173.01(A)(5) ("[A] person . . . who retains possession of any land . . . after he receives written demand of possession may be removed through an action for forcible detainer . . . [i]f the property has been sold by the owner and the title has been duly transferred."). In 2019, Jesus executed a deed transferring the Property to Griselda, who became the record owner.[1] In 2023, Griselda transferred the property to Victor Jr., who paid off the remaining balance of the Property's mortgage in return. Even though the mortgage was in Jesus's name, these facts can constitute a sale, as Griselda was subject to the mortgage on the Property. *See Cavanagh v. Kelly*, 80 Ariz. 361, 363 (1956) ("A benefit to the promisor or a loss or detriment to the promisee" is sufficient consideration in a contract.); *Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 9 (1973) (When a purchaser takes property "subject to" the mortgage, the burden of the mortgage remains on the

---

[1]        We make no determination on the validity of the deeds transferring the Property from Jesus to Griselda and Victor Sr., or any other determination, which should be addressed in a quiet title action.

property and the purchaser may lose the property if the mortgage debt is not paid.).

¶13 Then, after acquiring the record title, Victor Jr. served the previous owner, Jesus, with a 30-day termination notice, who refused to vacate the premises. *See Curtis*, 186 Ariz. at 534 (When a party sells real property and later claims the sale was fraudulent, he may be found guilty in an FED action.). Jesus can be guilty of FED even though he did not transfer the property directly to Victor Jr. *See Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, ¶¶ 1, 5 (App. 2017) (A successor in interest may bring an FED action under A.R.S. § 12-1173.01 against the previous property owner.).

¶14 Jesus argues that A.R.S. § 12-1173.01(A)(5) should not apply because § 12-1173.01 requires the title to be duly transferred. For the title to be duly transferred, Jesus contends that Victor Jr. needed to produce an agreement of sale between himself and Griselda that satisfied the statute of frauds under A.R.S. § 44-101. Litigating the validity of the transfer under A.R.S. § 12-1173.01 would amount to litigating the merits of the title, which, as discussed above, is inappropriate in an FED action. *Curtis*, 186 at 535. Thus, the superior court did not err by finding Victor Jr. had the superior right of possession because he received the Property through a transfer under A.R.S. § 12-1173.01(A)(5).

## CONCLUSION

¶15 We affirm.

