595 P.2d 31

**STAFFCO, INC., an Arizona Corporation, and Ardell Staffieri, a single woman, Appellants,**

v.

**MARICOPA TRADING COMPANY, an Arizona Corporation, Appellee.**

**No. 13937.**

Supreme Court of Arizona, In Division.

April 12, 1979.

Rehearing Denied May 8, 1979.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellants.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Phillip Weeks, William L. Novotny, Phoenix, for appellee.

CAMERON, Chief Justice.

Defendants, Staffco, Inc., an Arizona corporation, and Ardell Staffieri, appeal from an adverse judgment in favor of plaintiff, Maricopa Trading Company, in an unlawful

detainer action. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We need resolve three questions on appeal:

1. Did the trial court err in setting aside judgment for Staffco?

2. Was Maricopa Trading entitled to judgment for unpaid rent in the amount of $2,964.00?

3. Was an entry of judgment for rent against defendant Staffieri individually, as guarantor, valid?

The facts necessary for a determination of this matter are as follows. On 8 October 1973, a lease was entered into between the plaintiff, Maricopa Trading, as lessor, and defendant, Staffco, as lessee, for a five-year term for certain business property located in the City of Phoenix, Arizona. The lease between Maricopa Trading and Staffco was personally guaranteed in writing by Ardell Staffieri who was the president of Staffco, Inc.

On 1 July 1975, Maricopa Trading filed a complaint in the Maricopa County Superior Court for forcible entry and detainer under A.R.S. §§ 12–1171, et seq., against Staffco and Staffieri alleging default in the monthly rental payments required under said lease.

At the trial held 21 July 1975, the back rent was determined to be approximately $2,964.00. Evidence was also presented at the trial that after the filing of the complaint, Maricopa Trading had locked out the defendant, duly posting a written notice and claim of a landlord's lien pursuant to A.R.S. § 33–362. Maricopa Trading was thus in possession of the leased premises on the date of the trial.

Following the trial, the court entered the following minute entry, dated 30 July 1975:

"The Court finds the defendant not guilty.

"IT IS ORDERED: judgment in favor of defendant against the plaintiff, together with defendant's costs herein incurred and expended.

"IT IS FURTHER ORDERED that a Writ of Restitution shall issue in favor of the defendant pursuant to the provisions of law."

No writ of restitution was issued and no formal written order or judgment was submitted to the court for signature and filing. Maricopa Trading later sold the personal property of Staffco at public auction pursuant to the landlord's lien and also leased the premises to a third party.

On 1 February 1977, more than 18 months after the minute entry order of July 1975, Staffco submitted a written order to the court which was signed by the judge and filed with the clerk on 3 February 1977.

Maricopa Trading then moved to set aside the order of 3 February 1977. Following oral argument, the court granted the motion and signed a judgment in favor of Maricopa Trading for possession of the property and against both Staffco and Staffieri for unpaid rent in the amount of $2,964.00. From this judgment both Staffco and Staffieri appeal.

### WAS THE JUDGMENT PROPERLY SET ASIDE?

A.R.S. § 12–1178(B) and (C) read as follows:

"B. If defendant is found not guilty, judgment shall be given for defendant against plaintiff for costs, and if it appears that plaintiff has acquired possession of the premises since commencement of the action, a writ of restitution shall issue in favor of defendant.

"C. No writ of restitution shall issue until the expiration of five days after the rendition of judgment."

The minute entry of 30 July was a "rendition of judgment" for purposes of the statute and would support a writ of restitution if such a writ had been requested. It was not reduced to writing and signed by the judge and therefore was not an entry of judgment pursuant to Rule 58(a), Rules of Civil Procedure, 16 A.R.S. *Fridena v. Maricopa County*, 18 Ariz.App. 527, 504 P.2d 58 (1972).

■ The order or judgment filed 3 February 1977 [1] was signed in violation of Rule 58(d), Rules of Civil Procedure, 16 A.R.S., which states in material part:

"58(d) Objections to form.

"1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. The five-day provision may be waived by the court only upon an express written finding by minute order or otherwise of necessity to shorten time or to enter judgment without notice."

The judgment, being for both rent and restitution, was a "judgment other than for money or costs" and should have been served upon opposing counsel 5 days before signing by the judge. The trial court could properly set the judgment aside as it did in the instant case for this reason alone.

■ But there is a second reason why Maricopa Trading must prevail on this issue. Rule 60(c)(6), Arizona Rules of Civil Procedure, 16 A.R.S., reads in pertinent part:

"On motion and upon such terms as are just the court may relieve a party * * from a final judgment * * * for the following reasons: (1) mistake * * * (2) newly discovered evidence * * * (3) fraud * * * (4) the judgment is void; (5) the judgment has been satisfied * * * or (6) any other reason justifying relief from the operation of the judgment. * * *"

The setting aside of a judgment under Rule 60(c) is within the sound discretion of the trial court and will not be disturbed on appeal unless a clear abuse of discretion can be shown. *In re Estate of Cohen*, 105 Ariz. 337, 464 P.2d 620 (1970).

■ In the instant case, Maricopa Trading timely moved to set aside the judgment of 3 February and presented to the court evidence of new facts which Maricopa Trading had not been able to present before the signing of the judgment. This evidence showed a complete change of circumstances and made the entry of judgment in favor of Staffco inappropriate. The changed circumstances and the 18 month delay by Staffco in taking any action to reduce the original decision of the court to judgment justified the trial court in granting Maricopa Trading "relief from the operation of the judgment." We find no error.

## JUDGMENT FOR BACK RENT

Following the trial, Maricopa Trading auctioned off the equipment still on the premises pursuant to its landlord's lien. The moneys collected from that sale were not credited against the amount of back rent. Staffco contends it was error for the trial court to award Maricopa Trading the full amount of $2,964.00 as back rent. We agree.

■ Although a judgment for back rent is clearly allowed by statute, A.R.S. § 12–1178(A), in the instant case the amount of the judgment was contrary to the evidence as the amount owed was not set off by the amount collected by Maricopa Trading in the sale under the landlord's lien. The amount owed to Maricopa Trading will have to be determined upon remand.

## JUDGMENT AGAINST THE GUARANTOR

Ardell Staffieri was the president and sole shareholder of Staffco, Inc. She guaranteed the payment of the lease between Staffco and Maricopa Trading. Staffieri guaranteed

"payment of all obligations and all indebtedness of the Tenant, STAFFCO,

---

1. The "order" was a "judgment" within the meaning of our Rules of Civil Procedure. Rule 54(a) reads as follows:

" 'Judgment' as used in these Rules includes a decree and an order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings."

INC., required to be paid to Landlord by Tenant * * * ."

Staffieri does not deny the guarantee but alleges that the trial court lacked jurisdiction in the forcible entry and detainer action to enter a judgment against her for back rent. We do not agree.

Rule 20(a) of the Arizona Rules of Civil Procedure, 16 A.R.S., states that:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more [of the] defendants according to their respective liabilities."

And Rule 18(b) reads as follows:

"Joinder of remedies; fraudulent conveyances.

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action, but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. * * *"

The thrust of these two rules is that, whenever possible, all claims should be disposed of in one action. This prevents a multiplicity of actions and allows the court to grant complete justice to all the parties.

Our Court of Appeals has stated:

"The Rules of Civil Procedure, both before and after the extensive amendments effective 31 October 1966, encourage the joinder of all appropriate parties in a single suit to avoid multiplicity of litigation. The election, if there be an election available, rests with the plaintiff in the first instance." *Arizona Title Insurance and Trust Co. v. Kelly*, 11 Ariz.App. 254, 255, 463 P.2d 838, 839 (1970).

The statute on forcible entry and detainer allows for a judgment for back rent. A.R.S. § 12–1178(A). Since Staffieri guaranteed the payment of that back rent, once Staffco defaulted on its rental obligations, Ardell Staffieri became liable for the debt. It was then proper in a case, as here, where there was surety or guarantor relationship, to join the guarantor in the forcible entry and detainer action. The court had jurisdiction to enter a money judgment for back rent against Staffieri as well as Staffco. We find no error.

The matter is remanded for determination of the amount of judgment.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.