397 P.3d 1055

**CARRINGTON MORTGAGE SERVICES LLC, Plaintiff/Appellee,**

v.

**Jonathan WOODS, et al., Defendants/Appellants.**

No. 1 CA-CV 16-0383

Court of Appeals of Arizona, Division 1.

FILED 6/22/2017

Law Offices of Beth K. Findsen, PLLC, Scottsdale, By Beth K. Findsen, Counsel for Defendants/Appellants

The Mortgage Law Firm, PC, Phoenix, By Christina M. Harper, Alex Schulz, Counsel for Plaintiff/Appellee

Judge Patricia K. Norris delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

## OPINION

NORRIS, Judge:

¶1 Jonathan and Carrie Woods, Defendants/Appellants, appeal the superior court's judgment in favor of Carrington Mortgage Services LLC, Plaintiff/Appellee, in this forcible entry and detainer ("FED") action. The principal issue in this appeal is whether Carrington's FED action accrued when Carrington's predecessor in interest purchased property owned by the Woodses at a trustee's sale in 2010 or when Carrington served the

Woodses with written demand of possession in 2016. We hold Carrington's FED action accrued when Carrington served the Woodses with written demand of possession in 2016. Thus, we agree with the superior court that Carrington's FED action was not time barred. Accordingly, we affirm the judgment in Carrington's favor.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 2 In 2008, the Woodses executed a promissory note secured by a deed of trust on real property located in Gilbert, Arizona. On February 16, 2010, BAC Home Loans Servicing, LP FKA Country Wide Home Loans Servicing LP ("BAC") purchased the property at a trustee's sale, and Recontrust Company, N.A., the duly appointed trustee, conveyed the property to BAC through a trustee's deed. BAC recorded the trustee's deed in the Office of the Maricopa County Recorder on February 22, 2010. Subsequently, Bank of America, N.A. ("Bank of America") acquired BAC and became the owner of the property.

¶ 3 On September 9, 2014, Bank of America executed a limited power of attorney ("LPOA") appointing Carrington as its "true and lawful attorney-in-fact." Among other things, the LPOA authorized Carrington to "[e]xecute or file quitclaim deeds or, only where necessary and appropriate, special warranty deeds or other deeds causing the transfer of title to [Carrington as] Servicer or a third party, in respect of property acquired through a foreclosure or deed-in-lieu of foreclosure...." On February 3, 2016, Carrington, pursuant to the LPOA and on behalf of Bank of America, conveyed the property to itself through a grant deed.

¶ 4 On March 2, 2016, Carrington served the Woodses with a written "Notice to Vacate" the property. On April 18, 2016, Carrington sued the Woodses for forcible detainer after a trustee's sale. The Woodses answered and, in separate motions argued, first, Carrington's action was time barred and, second, Carrington had not established

a superior right of possession to the property. The superior court denied the motions. After a bench trial, the court entered judgment in favor of Carrington, finding the Woodses guilty of forcible detainer.

## DISCUSSION

I. Time Bar

■ ¶ 5 The Woodses argue Carrington's FED action accrued when BAC recorded the trustee's deed in 2010 and not when Carrington served them with written demand of possession in 2016.[1] Accordingly, they argue that, under the two-year statute of limitations applicable to FED actions, Arizona Revised Statutes ("A.R.S.") section 12–542(6) (2016), Carrington's 2016 action for forcible detainer was time barred. Exercising de novo review, we reject the Woodses' argument. *See Cook v. Town of Pinetop–Lakeside*, 232 Ariz. 173, 175, ¶ 10, 303 P.3d 67, 69 (App. 2013) (appellate court reviews question of law concerning statute of limitations, including when a cause of action accrues, de novo) (citation omitted).

■ ¶ 6 Sections 12–1171 to –1183 (2016) govern FED actions. "In Arizona, a forcible detainer action is a summary, speedy and adequate statutory remedy for obtaining possession of premises by one entitled to actual possession." *Casa Grande Tr. Co. v. Superior Court ex rel. Pinal Cty.*, 8 Ariz.App. 163, 165, 444 P.2d 521, 523 (1968) (citations omitted).

¶ 7 The statutory scheme for FED actions variously defines what acts constitute forcible detainer. Applicable here, A.R.S. § 12–1173.01(A)(2) provides:

[A] person ... who retains possession of any land, tenements or other real property after he [or she] receives written demand of possession may be removed through an action for forcible detainer ... if the property has been sold through a trustee's sale under a deed of trust....

¶ 8 Under A.R.S. § 12–542(6), an action for forcible detainer must be brought within two

---

1. After BAC purchased the property at the trustee's sale, the Woodses became tenants at sufferance. *See Grady v. Barth ex rel. Cty. of Maricopa*, 233 Ariz. 318, 321, ¶ 12, 312 P.3d 117, 120 (App. 2013) (although not a true landlord-tenant relationship, tenant in possession after trustee's sale becomes tenant at sufferance) (citations omitted).

years after the cause of action accrues. Section 12–542(6) also states a cause of action for forcible detainer accrues "at the commencement of the forcible entry or detainer."

¶ 9 Here, on March 2, 2016, Carrington served the Woodses with written notice demanding possession of the property. After the Woodses did not surrender possession, Carrington sued for forcible detainer on April 18, 2016—well within the two years set out by A.R.S. § 12–542(6). By the plain language of both A.R.S. § 12–1173.01(A)(2) (person can be removed through an action for forcible detainer "*after* he [or she] receives written demand of possession") (emphasis added), and A.R.S. § 12–542(6) (action accrues "at the commencement of the forcible entry or detainer"), Carrington's action for forcible detainer did not accrue until it served written demand of possession on the Woodses in March 2016. Therefore, Carrington's action was timely. *Cf. Fenter v. Homestead Dev. & Tr. Co.*, 3 Ariz.App. 248, 252, 413 P.2d 579, 583 (1966) (acknowledging, although not deciding, that action for forcible entry and detainer was timely under A.R.S. § 12–542(6) when plaintiff commenced action within two years of written demand of possession).

II. Possession

██ ¶ 10 The Woodses argue Carrington did not present the superior court with evidence it had a superior right of possession to the property because the LPOA failed to, first, authorize Carrington to transfer the property and, second, specify the Carrington officers who were entitled to execute grant deeds. Exercising de novo review, *see supra* ¶ 5, we reject both arguments.

¶ 11 The "only issue" in a FED action "shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12–1177(A); *see also Curtis v. Morris*, 186 Ariz. 534, 535, 925 P.2d 259, 260 (1996) (litigating title in FED action "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy").

¶ 12 At trial, the parties introduced into evidence certified copies of the trustee's deed and grant deed from the official records of the Maricopa County Recorder. A Carrington representative also testified that the Carrington employee who executed the grant deed on behalf of Bank of America was authorized to execute deeds pursuant to the LPOA. The Carrington representative further testified Carrington owned the property and had been paying taxes on and insurance for the property. Based on this evidence, Carrington established it had a superior right of possession to the property.

██ ¶ 13 Further, at its core the Woodses' argument simply challenges Carrington's title to the property. As discussed, *see supra* ¶ 11, parties may not litigate the validity of title in a FED action. *Curtis*, 186 Ariz. at 535, 925 P.2d at 260.

**CONCLUSION**

██ ¶ 14 For the foregoing reasons, we affirm the judgment of the superior court. Carrington requests attorneys' fees on appeal pursuant to A.R.S. § 12–341.01 (2016), which applies to "any contested action arising out of a contract, express or implied." Attorneys' fees are not available in FED actions under A.R.S. § 12–341.01(A), however. *RREEF Mgmt. Co. v. Camex Prod., Inc.*, 190 Ariz. 75, 80, 945 P.2d 386, 391 (App. 1997) (citations omitted). Therefore, we deny Carrington's request for attorneys' fees. As the prevailing party on appeal, we nonetheless award Carrington its costs on appeal pursuant to A.R.S. § 12–341 (2016), contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.