NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

U.S. BANK NATIONAL ASSOCIATION, *Plaintiff/Appellee*,

*v.*

EVAN A. KURTZ, *Defendant/Appellant.*

No. 1 CA-CV 18-0440
FILED 6-13-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-004772
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

McCarthy & Holthus, L.L.P., San Diego, CA
By Melissa Robbins Coutts
*Counsel for Plaintiff/Appellee*

Evan A. Kurtz, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

**¶1**        Evan Kurtz appeals the trial court's judgment in favor of U.S. Bank National Association (the Bank) on its complaint for forcible entry and detainer (FED).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2018, the Bank filed a complaint for FED.  The Bank attached a copy of the trustee's deed of sale showing it had purchased certain real property in Phoenix (the Property) at a trustee's sale and alleged evidence Kurtz refused to vacate the Property after being given notice to do so.  After hearing evidence and testimony at the July 2018 trial, the trial court entered judgment in the Bank's favor.  Kurtz timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[1] and -2101(A)(1).

## DISCUSSION

**¶3**        Kurtz argues the trial court erred in entering judgment against him because the Bank was not the original beneficiary of the deed of trust and the subsequent assignment to the Bank is invalid.  Thus, Kurtz contends: (1) the Bank was not the proper plaintiff in the judicial foreclosure; and (2) the Bank did not have valid title to the Property when it filed its FED complaint.

**¶4**        We will affirm the trial court's factual findings unless clearly erroneous.  *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 6, ¶ 15 (App. 2018) (citing *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018), and *Duckstein v. Wolf*, 230 Ariz. 227, 233, ¶ 19 (App. 2012)).  Because Kurtz did not provide a transcript of the proceedings, we "presume the record supports the trial court's rulings."  *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005) (citing *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)); *see also* ARCAP 11(b)-(c) (stating the appellant is responsible for ensuring "the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal").  The interpretation and application of statute present questions of law reviewed *de novo*.  *Bank of New York Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 11 (App. 2011) (citing *Kromko v. City of Tucson*, 202 Ariz. 499, 501, ¶ 4 (App. 2002)).

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

**¶5**        Even were Kurtz able to prove the circumstances alleged, he fails to establish a basis for relief.  First, an FED complaint must be "brought in the legal name of the party claiming entitlement to possession of the property."  Ariz. R.P. Eviction Act. 5(b)(1).[2]  The certified copy of the trustee's deed of sale evidences the Bank's ownership interest and right to maintain suit for FED.  *See* A.R.S. § 33-811(E) ("The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property . . . .  That conveyance shall be absolute."); *see also Carrington Mortg. Servs., L.L.C. v. Woods*, 242 Ariz. 455, 457, ¶ 12 (App. 2017) (finding a certified copy of a trustee's deed and subsequent grant deed to the plaintiff proved the plaintiff's right to possession of the property).  The trial court's determination that the Bank had the right to maintain the FED action is therefore not clearly erroneous.

**¶6**        Second, Kurtz is precluded by statute from litigating the validity of title in an action for FED.  *See* A.R.S. § 12-1177(A) ("On trial of an action of [FED], the only issue shall be the right of actual possession and the merits of title shall not be inquired into."); *see also Curtis v. Morris*, 186 Ariz. 534, 535 (1996) (holding that allowing a person to challenge title in an FED action "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy").  Kurtz's challenge to the assignment is therefore outside the scope of an FED action, and we find no error.

## CONCLUSION

**¶7**        The trial court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

2        The statute Kurtz relies on, A.R.S. § 33-807(A), describes the proper plaintiff to a judicial foreclosure action, and is not applicable here.