NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

US BANK NATIONAL ASSOCIATION, *Plaintiff/Appellee*,

*v.*

AUDIE JAY REYNOLDS, *Defendant/Appellant*.

No. 1 CA-CV 18-0689
FILED 12-26-2019

Appeal from the Superior Court in Navajo County
No. S0900CV201800002
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Bryan Cave Leighton Paisner LLP, Phoenix
By Sean K. McElenney, Daniel P. Crane
*Counsel for Plaintiff/Appellee*

Audie Jay Reynolds, Scottsdale
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

**C A T T A N I**, Judge:

¶1 Audie Reynolds appeals the superior court's judgment finding him and his wife guilty of forcible detainer and awarding U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-NC2 ("US Bank") immediate and exclusive possession of a residence in Overgaard. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In December 2017, US Bank purchased Reynolds's residence at a trustee's sale and promptly recorded the trustee's deed. Later that month, US Bank mailed and personally served Reynolds with a notice to vacate the premises. Reynolds did not leave, and US Bank filed this forcible entry and detainer ("FED") action.

¶3 Reynolds answered US Bank's complaint with general denials, pointed out that the complaint listed the wrong entity as successor trustee, and proffered alleged defects in the trustee's sale as affirmative defenses. US Bank moved to amend the complaint to reference the correct successor trustee and separately moved for judgment on the pleadings. Reynolds did not file a new answer, but rather opted to rely on oral argument at the forcible detainer hearing.

¶4 Relying on US Bank's superior right to possession under the trustee's deed, the superior court found Reynolds and his wife guilty of forcible detainer and entered judgment in favor of US Bank for immediate possession of the property. The court later stayed the judgment pending appeal, conditioned on Reynolds paying into court the rental value of $1,000 per month. *See* A.R.S. § 12-1182(b). Reynolds appealed.

## DISCUSSION

¶5 Reynolds argues the superior court erred by entering judgment in favor of US Bank. First, he claims that US Bank was not "executor, administrator, guardian, bailee, or grantee" of the trustee's deed and thus could not prosecute the FED action as real party in interest. But US Bank—specifically, "U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-NC2"—was expressly designated as grantee under the trustee's deed. And as owner of the property by virtue of the trustee's deed, US Bank established its right to possession. *See Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 457, ¶ 12 (App. 2017).

¶6            Second, Reynolds urges that defects in the trustee's sale render the trustee's deed invalid and thus undermine US Bank's asserted right to possession.  But the merits of US Bank's title are beyond the scope of an FED action.  *See* A.R.S. § 12-1177(A) ("[In an FED action], the only issue shall be the right of actual possession and the merits of title shall not be inquired into."); *see also Curtis v. Morris*, 186 Ariz. 534, 534 (1996).  The only issue was the right of possession, and as described above, US Bank had the right of possession under the trustee's deed.

¶7            Any challenge to the trustee's sale—such as Reynolds's claim that the successor trustee was not authorized to act as a trustee under Arizona law—must be pursued before the sale has been completed; the trustor may not challenge the completed sale based on pre-sale objections. *See* A.R.S. § 33-811(C); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 11 (2012).  And here, Reynolds apparently attempted to halt the trustee's sale before it went forward based on similar objections to the successor trustee, but he was unsuccessful.  *Reynolds v. Ocwen Loan Servicing, LLC*, 719 Fed. Appx. 673 (9th Cir. 2018) (mem.), *aff'g Reynolds v. Ocwen Loan Servicing LLC*, CV-17-08123-PCT-JJT, 2017 WL 4653037 (D. Ariz. Aug. 18, 2017).  To the extent he now attempts to raise new issues, the trustee's deed raised a presumption that the sale comported with statutory requirements, *see* A.R.S. § 33-811(B), and Reynolds has offered no basis to overcome either this presumption or waiver under § 33-811(C).

¶8            Finally, Reynolds's challenge to the successor trustee is factually flawed.  He notes that the trustee's deed is signed by "C. Scott 'Trustee Sale Assistant'" and argues that "Assistant Trustees" are not qualified to conduct trustee's sale under Arizona law.  But the trustee was "Western Progressive – Arizona, Inc.," not "C. Scott."  *See also Reynolds*, 719 Fed. Appx. 673.  "C. Scott" did not substitute as trustee, but rather was a "duly-authorized" agent signing on behalf of the corporate successor trustee.  *See Samaritan Found. v. Goodfarb*, 176 Ariz. 497, 502 (1993) (noting that a corporation "can only act through its agents"); *Best Choice Fund, LLC v. Low & Childers, P.C.*, 228 Ariz. 502, 510, ¶ 26 (App. 2011) (as amended). Western Progressive remained the successor trustee, and Reynolds's challenge to that entity's authority to act as a trustee under Arizona law has already been resolved against him.  *See Reynolds*, 719 Fed. Appx. 673 (affirming dismissal of Reynolds's challenge to the trustee's sale "because Reynolds failed to allege facts sufficient to show that Western Progressive–Arizona, Inc. was not a proper trustee authorized to initiate the non-judicial foreclosure process under Arizona state law").

**CONCLUSION**

**¶9**      We affirm the forcible detainer judgment. US Bank requests an award of attorney's fees on appeal but cites no authority for its request. Although we may award fees as a sanction for a frivolous appeal, in an exercise of discretion, we decline to do so. As the prevailing party on appeal, US Bank is entitled to an award of costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA