NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BUCKS FINANCIAL, LLC, *Plaintiff/Appellee,*

*v.*

CANDY R. OVERLEY, *Defendant/Appellant.*

No. 1 CA-CV 22-0491
FILED 8-29-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-005939
The Honorable Richard F. Albrecht, Judge *pro tempore*

**AFFIRMED**

COUNSEL

ZBS Law LLP, Phoenix
By Joseph J. Tirello
*Counsel for Plaintiff/Appellee*

Candy R. Overley, Glendale
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

---

**C A T L E T T**, Judge:

¶1 Since 2015, Bucks Financial, LLC ("Bucks"), Candy Overley ("Overley"), and her now deceased spouse Vance Taylor have, in fits and starts, litigated over property in Glendale. After acquiring a trustee's deed, Bucks sued Overley in 2022 for forcible entry and detainer ("FED"). The superior court granted judgment to Bucks. We affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 On April 29, 2015, Bucks recorded a trustee's deed on the Glendale property following a trustee's sale. Nearly seven years later, on April 22, 2022, Bucks sent a notice to vacate to Vance Taylor and all others in possession. On May 11, 2022, Bucks filed a FED action, naming "Vance Taylor, Occupants and Parties-In-Possession" as parties.

¶3 Service of process was not easy. A process server attempted service at the property's address on May 13 at 2:03 p.m., May 14 at 8:00 a.m., and May 15 at 7:16 p.m. but documented there was "no answer at the door, blinds closed . . . [and] no vehicles present." Bucks, therefore, filed a motion requesting an order for alternative means of service. The court held a hearing, which Bucks and Overley attended. Overley claimed she was the owner of the property and became aware of the complaint "by accident" and was only there to "protect [her] rights" because she was not served or named in the lawsuit. The court indicated to Overley that her appearance eliminated any question about the propriety of service.

¶4 The court directed Overley to answer the complaint, but she moved to dismiss for lack of jurisdiction, rearguing the service issues. Overley also attached an exhibit containing arguments against the merits of the FED action. The court instructed Bucks to make another attempt at service, but to serve by alternative means if unsuccessful—by mailing the complaint to the property's address.

¶5        After the hearing, a process server tried service a fourth time. When again unsuccessful, the process server posted the complaint and other documents at the main entrance and mailed a copy to the address. The court later determined Bucks properly served Overley and held a hearing on the FED complaint. The court concluded Bucks' trustee's deed was sufficient evidence to possess the property and entered judgment for Bucks. Overley filed a motion for new trial, which the superior court denied.

¶6        Overley timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.    Service

¶7        Overley argues Bucks did not properly serve her, and she made only a special appearance. We defer to the superior court's factual findings unless they are clearly erroneous, but whether a party has been properly served "is a legal question of personal jurisdiction which we review *de novo*." *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018).

¶8        The requirements for service of process in a FED action, for a party located in Arizona, are in Arizona Rule of Civil Procedure 4.1. *See* Ariz. R. P. Eviction Actions 5(e). Rule 4.1(d) allows for service of an individual by (1) delivering to the individual personally; (2) leaving a copy at the individual's dwelling with another resident of suitable age; or (3) delivering a copy to an authorized agent. Ariz. R. Civ. P. 4.1(d). If Rule 4.1(d) service is impracticable, the court may allow service by alternative means. Ariz. R. Civ. P. 4.1(k)(1). Alternative service can be completed by mailing the summons, pleading, and court order to the individual's last known residential address. Ariz. R. Civ. P. 4.1(k)(2).

¶9        This Court has established general parameters for when service is impracticable in a FED action. Making only a single attempt at service is insufficient without evidence of evasion, *Ariz. Real Est. Inv., Inc. v. Schrader*, 226 Ariz. 128, 130 ¶ 11 (App. 2010), but making five attempts, on different days and times, shows impracticability "[g]iven the speedy nature of a forcible detainer proceeding[.]" *Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10 ¶ 32 (App. 2018).

¶10        The superior court did not err in finding impracticability here. Bucks' process server attempted service at the property on three consecutive days, at three different times—in the morning, in the afternoon,

and in the evening. Bucks then asked to use alternative means, which the court permitted but not until after a fourth unsuccessful attempt. Overley was present for that order. After a fourth unsuccessful attempt (during which documents were left at the property), Bucks, through a process server, mailed Overley the required documents. This all was sufficient to satisfy the service of process requirements.

¶11        Even if we thought the court erred on alternative service, Overley waived service by appearing and then making substantive arguments in a motion to dismiss. *See Schrader*, 226 Ariz. at 130 ¶ 7 ("[A]ny action taken to assert the defense of insufficiency of service of process must be limited in scope and narrowly argued because the defense is waived by filing a responsive pleading or by seeking affirmative relief."). While Overley put her merits arguments in an attachment labeled "Exhibit A," we prefer substance over form in this area. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) ("[C]ourts prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds[.]"). Overley waived any subsequent argument about insufficient service and eliminated any prejudice by appearing and making substantive arguments against the FED claim. *Kline v. Kline*, 221 Ariz. 564, 571 ¶ 22 n.10 (App. 2009) ("Collins argued the merits of his client's position and Husband cannot avoid the consequences of that appearance by resort to the jargon of 'special appearances.'"); *see id.* ¶ 21 (a technical defect in service did not prejudice defendant because he had actual notice of the action).

## II.    Statute of Limitations

¶12        Overley next argues Bucks exceeded the statute of limitations by filing its FED complaint seven years after the trustee's sale. We review legal compliance with the statute of limitations *de novo*. *Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 456 ¶ 5 (App. 2017).

¶13        Overley incorrectly identifies when a FED cause of action accrues. She asserts that happens once there is a trustee's sale. Yet, according to statute, the starting point is "the commencement of the forcible entry or detainer." A.R.S. § 12-542(6). And that occurs when "a person . . . retains possession of . . . real property after [s]he receives written demand of possession" that "the property has been sold through a trustee's sale under a deed of trust[.]" A.R.S. § 12-1173.01(A)(2). Put more succinctly, the statute of limitations starts when the party with a trustee's deed makes written demand for possession. *Woods*, 242 Ariz. at 457 ¶ 9 ("[F]orcible detainer did not accrue until it served written demand of possession[.]").

**¶14** Although Bucks recorded a trustee's deed on April 29, 2015, and there was litigation between the parties dating to 2015, Bucks did not send a notice to vacate until April 22, 2022. The time for Bucks to seek FED relief began then. Bucks filed this action well within two years. *See* A.R.S. § 12-542. Overley's statute of limitations defense fails.

### III.    Merits of Bucks' Title

**¶15** Overley lastly argues the court could not grant FED relief because she questioned whether Bucks had a junior or senior lien on the property. We review the court's application of the FED statutes *de novo*. *Woods*, 242 Ariz. at 457 ¶ 10.

**¶16** FED actions are designed for a limited purpose—to determine "the right of actual possession." A.R.S. § 12-1177(A). "[T]he merits of title shall not be inquired into." A.R.S. § 12-1177(A). By limiting the scope of FED actions, Arizona law "afford[s] a summary, speedy and adequate remedy for obtaining possession of the premises[.]" *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204 (1946). Overley's superiority of title argument goes beyond the scope of a FED action because issues regarding title are "to be decided in a suit for ejectment." *Taylor v. Stanford*, 100 Ariz. 346, 348 (1966). Our courts have routinely rejected Overly's argument because it "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy." *Curtis v. Morris*, 186 Ariz. 534, 535 (1996).

**¶17** Bucks provided a copy of its trustee's deed to Overley in a written notice to vacate. When Overley remained in possession, she was guilty of forcible detainer under A.R.S. § 12-1173.01(A)(2). The superior court correctly issued judgment in Bucks' favor. *See Rushing*, 64 Ariz. at 206 ("Under no circumstances could . . . the Superior Court have determined the title to the premises in a forcible entry or detainer action . . . . that matter should be heard and determined in an action to quiet title or an action of ejectment."). But the FED judgment and this appeal "relate[] only to possessory rights and the determination thereof is without prejudice to any other rights which [Overley] may have." *Fenter v. Homestead Dev. & Tr. Co.*, 3 Ariz. App. 248, 252 (1966).

## CONCLUSION

**¶18**     We affirm the superior court's judgment and deny Overley's requests for fees and costs.  As the prevailing party, we grant Bucks' request for costs pursuant to A.R.S. § 12-341 upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA