IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FEN INVESTMENTS, LLC, *Plaintiff/Appellee*,

*v.*

FONZI FOOD, et al., *Defendants/Appellants.*

No. 1 CA-CV 23-0640
FILED 06-11-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-051979
The Honorable Cynthia Gialketsis, Judge *Pro Tempore* (retired)
The Honorable Gary L. Popham, Jr., Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Hull, Holliday & Holliday PLC, Phoenix
By Judy Drickey-Prohow, Denise M. Holliday, Kevin W. Holliday &
Matthew R. Schlabach
*Counsel for Plaintiff/Appellee*

Alexander R. Arpad, Attorney at Law, Phoenix
By Alexander R. Arpad
*Counsel for Defendants/Appellants*

---

**OPINION**

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

**¶1**        Defendants Eduard Georgescu, Cristina Georgescu, and Fonzi Food, LLC ("Fonzi") appeal from the superior court's default judgment against them and its denial of Fonzi's motion to set aside the judgment. Fonzi alleges, among other things, that "misleading and deceptive conduct" by opposing counsel and improper service of the amended complaint warranted setting aside the judgment. Fonzi also argues that the superior court lacked the authority to adjudicate claims against the Georgescus, the guarantors in the eviction action.

**¶2**        We affirm the judgment against Fonzi Food, LLC because the superior court found Fonzi was not misled, and Fonzi failed to allege a meritorious defense. But because the Arizona Rules of Procedure for Eviction Actions do not permit joining the guarantors as defendants, we vacate the judgment as to them.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Fonzi is the former lessee of property owned by plaintiff FEN Investments, LLC ("Fen"). On May 25, 2023, Fen filed a complaint against Fonzi for forcible entry and detainer, alleging failure to pay the rent. Fen sought possession of the property and damages consisting of rent, fees, and legal expenses. The superior court issued a summons with a June 6 hearing date. Fonzi was served with the summons and complaint on June 1.

**¶4**        On June 2, Fonzi sought legal counsel. The parties agreed that Fonzi's attorney called Fen's attorney to discuss the case, but they disputed the content of the June 2 phone call. According to Fonzi, the parties "discussed turning over possession of the property and also discussed at least some of Defendants' defenses." Fonzi also claimed it "informed [Fen] on the telephone call that defense counsel was unavailable on the morning of June 6" and that the parties instead "reached an agreement regarding the scheduled hearing." Fonzi allegedly understood from the conversation that

2

"it was agreed that the Hearing schedule[d] for June 6, 2023 would be vacated, and the parties would stipulate to set this matter for Trial."

¶5        Fen agrees that the parties "discussed . . . certain defenses [Fonzi] intended to raise, and the parties agreed—based on those discussions—that they would enter into a stipulation to set the case for trial so that Fonzi Food's defenses could be heard." But Fen insists it never waived Fonzi's obligation to answer the complaint or appear at the June 6 hearing during the phone call.

¶6        On June 5, the day before the scheduled eviction hearing, Fen's counsel emailed Fonzi's counsel at 4:25 p.m. Fen's counsel explained he "realized that the defenses that [Fonzi] intended to raise were not valid defenses under the lease" and sent the email "to tell [Fonzi] that . . . [Fonzi] had no valid defense based on what was previously discussed but that [Fen] would continue to agree to stipulate to set the matter for trial if [Fonzi's attorney] or his clients appeared at the hearing and presented a valid defense." The relevant part of the email reads, "While I previously agreed to stipulate to set this matter for trial, I am still willing to do so assuming you or the Defendant appear tomorrow and plead a defense to the eviction." Fonzi's attorney claims he did not receive this email before the June 6 hearing because Fen sent it after regular office hours (4:25 p.m.), and he was busy the following morning.

¶7        Also on June 5, at 6:02 p.m., Fen filed an amended complaint. The amended complaint corrected the property's square footage, added a quote from the lease agreement, and adjusted the damage calculation to include June's accrued rent. Fen never moved to amend the original complaint, nor is there any order by the court granting leave to amend.

¶8        The eviction hearing proceeded as scheduled on June 6, but neither Fonzi nor its attorney appeared. The court entered a default judgment against Fonzi and awarded Fen possession of the property and the amended complaint's damages and attorney's fees.

¶9 On June 13, Fonzi moved to set aside the default judgment under Arizona Rule of Civil Procedure ("Civil Rule") 60(b).[1] Fonzi claimed that the parties had agreed "that the Hearing schedule[d] for June 6, 2023 would be vacated, and the parties would stipulate to set this matter for Trial." Fonzi argued that because Fen repudiated its agreement via a "late hour e-mail" the evening before the hearing, Fonzi's failure to appear was justified. Thus, it had a right to have the judgment set aside under Arizona Rule of Procedure for Eviction Actions ("Eviction Rule") 15(a)(4), (5), and (10).

¶10 Fen responded that Fonzi's failure to appear was not excusable "because there was never any agreement between the parties." Fen characterized the phone call as an "*agreement to agree*" to set the matter for trial. It also argued that it never agreed to waive an answer or Fonzi's appearance at the initial hearing. Finally, Fen argued that Fonzi did not present a meritorious defense.

¶11 In August, after a hearing on the motion to set aside, the court found that Fonzi failed to demonstrate a legitimate reason for failing to appear. The court explained:

> [T]here was nothing filed as far as an agreement between the parties with the Court. No one contacted the Court prior to the hearing to advise the Court that they were not appearing at the hearing or were not able to appear at the hearing. No motion to continue was filed to ask the Court to reset the hearing. None of those things were done[.]

The court denied Fonzi's motion, finding "that there was no excusable mistake or misrepresentation" and that Fonzi did not provide a meritorious defense.

---

[1] Fonzi moved under Arizona Rule of Civil Procedure 60(b), but the correct rule to proceed under was Arizona Rule of Procedure for Eviction Actions ("Eviction Rule") 15. *See* Ariz. R.P. Evic. Act. 1 ("The Arizona Rules of Civil Procedure apply only when incorporated by reference in these rules."). Because Civil Rule 60 contains provisions comparable to Eviction Rule 15, the superior court did not err by treating the Civil Rule 60 motion as an Eviction Rule 15 motion. *Compare* Ariz. R. Civ. P. 60(b)(1), (3), *with* Ariz. R.P. Evic. Act. 15(a)(4), (10).

**¶12**      Fonzi appealed the default judgment and the denial of the motion to set aside. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1), (2).

## DISCUSSION

**¶13**      The Eviction Rules provide that a party may move to set aside a judgment on various grounds. *See* Ariz. R.P. Evic. Act. 15(a). A defendant seeking relief from default judgment must show "(1) that it acted promptly in seeking relief from the entry of default; (2) that its failure to file a timely answer was due to either mistake, inadvertence, surprise or excusable neglect; and (3) that it had a meritorious defense." *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982).

**¶14**      Here, the superior court found that Fonzi promptly requested relief from the default judgment. Still, it denied the motion, finding "[insufficient] evidence that there was an excusable mistake or misrepresentation" and "[insufficient] evidence of a meritorious defense." Fonzi challenges these findings and the denial of its motion. We review a denial of a motion to set aside for an abuse of discretion. *See Richas*, 133 Ariz. at 514; *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 356 (1979).

**¶15**      Fonzi cites Eviction Rule 15(a)(1), (3), (4), (5), (9), and (10) in support of its appeal. But Fonzi does not explain how Eviction Rule 15(a)(5) ("Newly discovered material facts exist that could establish a defense to an allegation.") applies to this matter, and accordingly, we find any argument on that ground waived. *See* ARCAP 13(a)(7); *see also Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000). We address the rest of Fonzi's arguments in turn.

## A.    The Superior Court Did Not Abuse Its Discretion by Finding No Excusable Mistake or Misrepresentation.

**¶16**      Fonzi alleges that opposing counsel "engaged in misconduct and misrepresentation in order to trick [Fonzi] into believing there would not be a hearing on June 6." Fonzi claims that opposing counsel "led the judge to believe that there had been no agreement" to forgo the June 6 trial, characterizing counsel's words as "misleading at the very least." Finally, Fonzi argues that even if Fen's statements to the court were not technical misrepresentations, Fen's "unilateral change to the agreement was not reasonable, fair, or even workable, given the late hour at which the email was sent and . . . knowledge that defense counsel was not available to deal with the issue the following morning." Fonzi concludes, "[Fen's] conduct was sufficiently deceptive and misleading to qualify for relief."

**¶17** But Fonzi made these same arguments before the superior court, and the court found insufficient evidence of misrepresentation to set aside the judgment. Fonzi does not explain how the superior court abused its discretion in reaching that conclusion. *See Staffco*, 122 Ariz. at 356 (Setting aside a judgment "is within the sound discretion of the trial court and will not be disturbed on appeal unless a clear abuse of discretion can be shown."). Instead, Fonzi asks us to substitute our judgment for the superior court's, which we decline. *See Great W. Bank v. LJC, Dev., LLC*, 238 Ariz. 470, 478, ¶ 22 (App. 2015) ("Where there is conflicting evidence, we do not substitute our judgment for the [superior] court's and will reverse only where the findings are clearly erroneous.").

**¶18** Fonzi alternatively argues that "a reasonable lawyer standing in the shoes of defense counsel would have believed that [Fen] was not going to seek a default judgment" at the eviction hearing, and therefore, relief from the judgment should have been granted under Eviction Rule 15(a)(4) (The court may grant relief for "[m]istake, inadvertence, surprise, or excusable neglect."). But the Eviction Rules require an answer before the return date. *See* Ariz. R.P. Evic. Act. 7 ("On or before the initial return date, the defendant shall answer, indicating whether the defendant admits or denies the allegations of the complaint."). Further, the court could not set the matter for trial until the defendant answered the complaint. *See* Ariz. R.P. Evic. Act. 11(c)(1) ("*If the court determines that a defense or proper counterclaim may exist*, the court shall order a trial on the merits.") (emphasis added).

**¶19** Regardless of any purported agreement between the parties, a reasonably prudent person would not fail to answer a complaint when required. *See Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 310 (1983) (A reasonably prudent person would not fail to answer or at least request more time from the court.). Fonzi did not file an answer or notify the court of its absence or the parties' alleged agreement. And it would be unreasonable for Fonzi to believe that Fen would answer the complaint on Fonzi's behalf. The superior court did not err by finding Fonzi's neglect was not "excusable" under Eviction Rule 15(a)(4).

**¶20** Finally, even if there were misrepresentation or excusable neglect, the superior court did not err by denying Fonzi's motion because Fonzi did not provide a meritorious defense. *See Richas*, 133 Ariz. at 514. In its motion to set aside, Fonzi claimed within its facts section that the square footage in the lease was incorrect and that it "would withhold partial payment of the monthly lease" until the issue was corrected. Fonzi also asserted that it had been harmed by the square footage error because

"potential buyers of Fonzi Food decided not to purchase Fonzi Food." Fonzi also argued that "there was an agreement to reduce the rent because of the challenges of the COVID."

**¶21**     But Fonzi did not develop these arguments in the superior court. It did not provide any legal explanation for why it had a right to withhold rent if there was a square footage error. Nor did it provide any documentation of the alleged modifications to the lease because of COVID-19. *See VEREIT Real Estate, LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 151, ¶ 10 (App. 2023) (A force majeure defense can only apply when a contract explicitly provides for it because force majeure is not a common law defense.). And even if Fonzi had properly argued a defense based on the square footage issue, the lease states, "the Base Rent stated herein is NOT tied to square footage and is not subject to adjustment should the actual size be determined to be different." Fonzi fails to explain why the lease term does not preclude its argument. Thus, the superior court correctly found no meritorious defense and denied Fonzi's motion.

## B.     Fen's Improperly Filed Amended Complaint Did Not Harm Fonzi.

**¶22**     Fonzi claims that Fen did not file the June 5 amended complaint correctly under the Eviction Rules. We review legal issues, including interpretations of procedural rules, *de novo. Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶23**     Civil Rule 15 governs the procedure for amending pleadings in civil cases. *See* Ariz. R. Civ. P. 15. But in eviction actions, the procedure is governed only by the Eviction Rules unless the Arizona Rules of Civil Procedure are incorporated by reference. *See* Ariz. R.P. Evic. Act. 1. Civil Rule 15 authorizes parties to amend their pleadings once routinely, but no such authorization exists within the Eviction Rules. *Compare* Ariz. R. Civ. P. 15(a)(1), *with* Ariz. R.P. Evic. Act. *et seq.* Instead, parties in eviction actions may only amend their pleadings by motion. *See* Ariz. R.P. Evic. Act. 9(d).

**¶24**     Fen did not request, and the superior court did not grant Fen leave to amend. Thus, Fen improperly filed the amended complaint. But error alone, unless it affects a party's substantial rights, does not require reversal. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."). Thus, Fonzi must show how the improperly amended complaint caused prejudice to warrant reversal.

¶25 Fonzi claims that the superior court based the damage award on the amended complaint with the June accrued rent, and the court could not have derived the amount from the original complaint. Fonzi argues that the judgment should be reversed in terms of damages.

¶26 But Fonzi misreads Eviction Rules 5 and 13. Ariz. R.P. Evic. Act. 5(c)(5) (The complaint must include "[t]he total amount of rents, late fees, and other fees, charges or damages permitted by law that are *due on the date of filing*.") (emphasis added); Ariz. R.P. Evic. Act. 13(c)(2)(A) ("If appropriate, rent shall be awarded to a prevailing plaintiff *together with any additional rent that has accrued* since the complaint was filed.") (emphasis added). Based on the Eviction Rules, the superior court correctly considered the additional June rent as damages even without the amended complaint.

¶27 Even so, Fonzi claims that the lease's terms and language in the Notice of Non-Payment of Rent, attached to the original complaint, prevented Fen from collecting additional accrued rent. The Notice states that "your lease and right to possession of the rental premises shall cease within 10 days in the event that you do not become current," and Fonzi interprets this as a conversion of Fen's right to collect monthly rent into a right to collect liquidated damages under the lease. Fonzi is mistaken.

¶28 The lease paragraph that Fonzi cites provides that if a breach occurs, the lessor can terminate the lease and will have a right to recover, among other things, "the worth at the time of award of the amount by which the unpaid rent which would have been earned *after termination until the time of award* exceeds the amount of such rental loss that the Lessee proves could have been reasonably avoided." (Emphasis added.) Thus, Fonzi's claim that the lease "ceas[ing]" or "terminat[ing]" means that rent does not continue to accrue before the award of damages is unsupported by the record.

¶29 Because the court could determine the damage amount by the original complaint and its attached documents, the improperly filed

amended complaint did not affect any of Fonzi's substantial rights, and we decline to reverse the judgment on this ground.[2] *See* Ariz. Const. art. 6, § 27.

## C.     Fonzi's Constitutional Argument Is Meritless.

**¶30**          Fonzi argues that the judgment raises due process issues. The thrust of Fonzi's argument is that it did not get proper notice because (1) Fen did not correctly file the amended complaint under the Eviction Rules, and (2) Fen used "bait-and-switch tactics" to obtain a default judgment. *See Morrison v. Shanwick Intern. Corp.*, 167 Ariz. 39, 42 (App. 1990) (Courts must ensure "[n]otice and an opportunity to be heard . . . as provided by the regular and established rules of procedure.").

**¶31**          Fonzi's constitutional argument revisits its earlier arguments about the amended complaint and its allegations of misrepresentation by Fen. But because the improper filing of the amended complaint did not prejudice Fonzi, and because we reject Fonzi's characterization of Fen's actions as misrepresentations, Fonzi's constitutional argument fails.

## D.     The Superior Court Erred by Joining the Guarantors in the Eviction Action.

**¶32**          Finally, Fonzi argues that the court erred by holding the guarantors, the Georgescus, liable in the eviction action. Fonzi explains that the expedited eviction action aims to provide "a summary, speedy and adequate statutory remedy for obtaining possession of premises by one entitled to actual possession." *Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 456, ¶ 6 (App. 2017) (citation omitted); *see also Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 12 (App. 2020) (The court explains what parties can and cannot raise as a counterclaim in an FED action.). Fonzi argues that no Eviction Rules or statutes allow adding guaranty claims to an eviction action. *See* Ariz. R.P. Evic. Act. 8(a) ("Unless specifically provided for by statute, no counterclaims, cross claims, or third-party claims may be filed in eviction actions."), 13 (Guaranty liability claims are not included among the relief available.). And a guaranty agreement for a lease, while related to

---

2          Fonzi also argues that Fen should have served the amended complaint and that the superior court had to review the service of the amended complaint under Eviction Rule 13(a) before entering judgment. This argument fails because, as we explained in paragraph 26, the added rent to which Fonzi objects was determinable without the need for the amended complaint to be the operative pleading in the case.

the lease agreement, is still "a separate, distinct contract between guarantors and the lessors." *See Westcor Co. Ltd. P'ship v. Pickering*, 164 Ariz. 521, 525 (App. 1990) (citation omitted).

**¶33**         Fen responds by pointing to *Staffco*, 122 Ariz. 353. In *Staffco*, our supreme court held that the guarantors could be joined as defendants in the eviction action because Civil Rules 20 and 18, read together, mean that "whenever possible, all claims should be disposed of in one action. This prevents a multiplicity of actions and allows the court to grant complete justice to all the parties." 122 Ariz. at 357. Fen argues that *Staffco* is dispositive and adds that nothing in the rules prohibits the joinder of a guarantor when, in the interests of justice, the guarantor must be joined for the plaintiff to obtain complete relief without engaging in more litigation.

**¶34**         The Arizona Supreme Court adopted the Eviction Rules in 2009, 30 years after it decided *Staffco*. *See* Order Adopting Rules of Procedure for Eviction Actions, R-07-0023 (Dec. 2008). Under the Eviction Rules, the Civil Rules no longer apply unless explicitly incorporated. Ariz. R.P. Evic. Act. 1. And no reported cases rely on *Staffco* to permit the joinder of a guarantor as a defendant after the Eviction Rules' adoption. *Staffco's* reasoning, which relied on Civil Rules 20 and 18, no longer applies. *See* 122 Ariz. at 357.

**¶35**         We agree with Fonzi that the supreme court's adoption of the Eviction Rules has superseded *Staffco*. The Eviction Rules are clear that they are narrow in scope and limited to the claims and procedure provided. *See* Ariz. R.P. Evic. Act. 2 ("All eviction actions are statutory summary proceedings and the statutes establishing them govern their scope and procedure."). Though the Georgescus as guarantors may be found personally liable for the unpaid rent after an appropriate civil action under the guaranty agreement, their inclusion as defendants in the superior court's eviction action was error.

**E.      The Superior Court Did Not Abuse Its Discretion by Awarding Attorney's Fees.**

**¶36**         Fonzi argues that the superior court's award of attorney's fees to Fen "should be reversed for failure to cite any authority." But Fen's complaint cited authority for a fee award, declaring, "This eviction arises out of A.R.S. 33-361 and A.R.S. 12-1171, et. seq." Section 33-361 states, "In addition to determining the right to actual possession, the court may assess damages, *attorney fees* and costs." A.R.S. § 33-361(B) (emphasis added). And Section 12-1178 provides, "If the defendant is found guilty . . . the court

shall give judgment . . . for all charges stated in the rental agreement and for damages, *attorney fees*, court and other costs." A.R.S. § 12-1178(A) (emphasis added). We conclude that Fen provided sufficient authority under which to award fees.

## ATTORNEY'S FEES

**¶37**    Both parties request their fees and costs on appeal under A.R.S. §§ 12-341, 12-341.01, 12-1178(A), and the lease agreement. The lease provides that, for any action brought involving the property, "the Prevailing Party . . . in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees." As the prevailing party, we award Fen reasonable attorney's fees and costs upon compliance with ARCAP 21.

## CONCLUSION

**¶38**    We vacate the judgment about the Georgescus, but we affirm the judgment as to Fonzi Food, LLC.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV